This is a proceeding for compensation, under the provisions of the North Carolina Workmen's Compensation Act, for an injury by accident arising out of and in the course of the employment of the plaintiff by the defendant Carolina Conference Association of the Seventh Day Adventists. The defendant Lumbermen's Mutual Casualty Company was the insurance carrier of its codefendant at the date of the accident. The accident and resulting injury to the plaintiff occurred on 4 June, 1934. The first report of the accident was filed with the North Carolina Industrial Commission by the defendants on 28 June, 1935. No claim for compensation had been filed with the Industrial Commission by the plaintiff prior to that date.
The proceeding was begun before the North Carolina Industrial Commission. Thereafter, on 3 December, 1935, the Industrial Commission received from the plaintiff an application, in writing, for a hearing of the proceeding. Pursuant to said application, and after due notice to all parties, the proceeding was heard by Commissioner Jurney, at Goldsboro, N.C. on 24 March, 1936. On the findings of fact and conclusions of law made by Commissioner Jurney, an award was made in the proceeding on 2 June, 1936. At the request of the defendants, duly made as provided by statute, this award was reviewed by the Full *Page 573 
Commission on 3 September, 1936. An award was made by the Full Commission on 16 October, 1936. The findings of fact, conclusions of law, and award of the Full Commission are as follows:
"The Full Commission directs that the findings of fact, conclusions of law, and award of Commissioner Buren Jurney be stricken out and that there be substituted in lieu thereof the following:
"FINDINGS OF FACT.
"1. The parties to this proceeding are bound by the provisions of the North Carolina Workmen's Compensation Act. The Lumbermen's Mutual Casualty Company is the insurance carrier of the defendant employer, Carolina Conference Association of the Seventh Day Adventists.
"2. The plaintiff Grover C. Winslow, Jr., suffered an injury by accident arising out of and in the course of his employment by the defendant employer on 4 June, 1934, resulting in a long period of temporary total disability, and in all likelihood resulting also in some permanent disability.
"3. The defendant employer had notice of the accident and resulting injury suffered by the plaintiff employee immediately after the occurrence of the same. The defendant insurance carrier, however, had no notice of the accident and resulting injury for some eleven months after the occurrence of the same.
"4. No report of the accident and the resulting injury suffered by the plaintiff employee was filed with the Industrial Commission until after the expiration of one year from the date of the accident and resulting injury.
"5. A report of the accident and the resulting injury suffered by the plaintiff was made by the defendant employer to the defendant insurance carrier some seven or eight days before the expiration of one year from the date of the accident and resulting injury.
"6. A claim for compensation for his injury was filed with the Industrial Commission by the plaintiff on 3 December, 1935, more than one year after the date of the accident and his resulting injury.
"7. The defendant insurance carrier received a report of the accident from the defendant employer on Form 19, as approved by the Industrial Commission, on 28 May, 1935. The defendant employer talked with the defendant insurance carrier for the first time on 17 May, 1935.
"CONCLUSIONS OF LAW.
"The provisions of section 24 of the North Carolina Workmen's Compensation Act (N.C. Code of 1935, section 8081 [ff]), are mandatory, and no claim having been filed with the Industrial Commission in this *Page 574 
proceeding within one year from the date of the accident, and the resulting injury suffered by the plaintiff, unless something appears to change the result, the claim of the plaintiff for compensation is forever barred. Wrayv. Woolen Mills, 205 N.C. 782, 172 S.E. 487.
"Whether the provision of section 24 is a condition annexed to and forming a part of the right to maintain a claim for compensation, or is a statute of limitations, has not, so far as we are aware, been finally determined by the courts of this State, and we will not go into a discussion of that subject at this time.
"If, however, compliance with section 24 be considered as a condition annexed to and forming a part of the right to maintain a claim for compensation, it must be borne in mind that such right did not exist at common law, and exists solely by virtue of the Workmen's Compensation Act, and is analogous to C. S., 160, giving a cause of action for wrongful death. In that case, the effect of section 24 would be determined by decisions of the courts of this State as to the effect of C. S., 160, by virtue of which an action to recover damages for wrongful death may be maintained only if begun within one year from the date of the death. Otherwise, there is no right of action.
"There is a clear distinction between a statute conferring a right, with a condition annexed to and forming a part of the right, and a statute of limitation which affects the remedy only. The former is not subject to disabilities and excuses which are applicable to an ordinary statute of limitation, and is not affected even by fraud. 37 Corpus Juris, sec. 5, page 686; Taylor v. Iron Co., 94 N.C. 525; Best v. Kinston, 106 N.C. 205;Hanie v. Penland, 193 N.C. 800; Curlee v. Power Co., 205 N.C. 644.
"If the provisions of section 24 of the Workmen's Compensation Act be considered a statute of limitation, nothing else appearing, and no claim having been filed with the Industrial Commission within one year from the date of the accident, the right of the plaintiff to proceed under the provisions of the Workmen's Compensation Act is barred. However, the plaintiff contends that the carrier defendant is by its act and conduct estopped to plead the provisions of section 24, but under the facts as found we do not concur in this contention. There was no express agreement on the part of the carrier defendant not to plead the statute of limitation, nor was there anything in the acts or conduct of the carrier or employer, or any of their agents, which would in our opinion make a plea of the statute of limitation inequitable. Wilson v. Clement Co., 207 N.C. 541.
"For the reasons stated, we are of the opinion that any right which the plaintiff may have had to compensation is forever barred by the provisions of section 24 of the North Carolina Workmen's Compensation *Page 575 
Act, and that an award of compensation cannot be made in this proceeding by the North Carolina Industrial Commission. The claim is therefore denied.
"There seems to be much merit in the claim for compensation in this case, and it is unfortunate that the plaintiff has slept on his rights."
The plaintiff appealed from the award of the Full Commission to the Superior Court of Wayne County.
In apt time, the defendant Lumbermen's Mutual Casualty Company entered a special appearance in the Superior Court of Wayne County and moved that the appeal be dismissed, on grounds set out in its motion, which was in writing. The motion was heard at January Term, 1937, of said court, when an order was made denying the motion, as follows:
"This cause coming on to be heard at January Term, 1937, of the Superior Court of Wayne County, before his Honor, W. C. Harris, Judge, upon the special appearance and motion to dismiss plaintiff's appeal from the award of the North Carolina Industrial Commission, denying compensation in this proceeding, of the defendant Lumbermen's Mutual Casualty Company, through its attorneys, Ruark Ruark, and being heard, the court finds the following facts:
"1. The award of the North Carolina Industrial Commission from which this appeal was taken was promulgated by the said Industrial Commission on 16 October, 1936.
"2. Said award was forwarded to Messrs. Langston, Allen Taylor, attorneys for the plaintiff Grover C. Winslow, Jr., by registered mail, and was delivered to the said Langston, Allen Taylor on 17 October, 1936.
"3. Notice of appeal from said award was first served on defendant Lumbermen's Mutual Casualty Company on 31 October, 1936.
"4. The record of appeal as certified by the Industrial Commission was docketed in the Superior Court of Wayne County on 12 December, 1936.
"5. Service of the notice of appeal was accepted and further notice and all time waived on 9 November, 1936, by the defendant Carolina Conference Association of the Seventh Day Adventists.
"6. The first term of the Superior Court of Wayne County subsequent to the award of the North Carolina Industrial Commission in this proceeding, from which the plaintiff appealed to said court, convened on 30 November, 1936, same being a two weeks term for the trial of both criminal and civil actions.
"7. Before the judgment in this appeal was signed, but after the court had announced at the conclusion of the argument on the motion to dismiss, that it would deny said motion, the appeal was argued before the court on its merits. *Page 576 
"8. No motion to dismiss the appeal from the award of the North Carolina Industrial Commission in this proceeding has been made by the defendant Carolina Conference Association of Seventh Day Adventists.
"9. Special appearance was made and motion to dismiss the appeal entered by the defendant Lumbermen's Mutual Casualty Company on 8 January, 1937, as appears in the record.
"On the foregoing facts, the court being of opinion that the notice of appeal was properly served and that the appeal was duly and properly docketed in this court, in apt time, and that the plaintiff was not guilty of laches in perfecting his appeal, and that said appeal is properly constituted in this court, it is therefore ordered and adjudged that the motion to dismiss the appeal be and the same is denied."
The defendant Lumbermen's Mutual Casualty Company duly excepted to the order denying its motion that the appeal of the plaintiff be dismissed.
Thereafter judgment was rendered as follows:
"This cause coming on to be heard at the January Term, 1937, of the Superior Court of Wayne County, upon the appeal herein of the plaintiff Grover C. Winslow, Jr., from the award of the North Carolina Industrial Commission, before his Honor, W. C. Harris, Judge holding the courts of the Fourth Judicial District, and being heard, the plaintiff being present through and represented by his counsel, Berkeley Colton, attorneys, and Langston, Allen Taylor, attorneys, and the defendant Lumbermen's Mutual Casualty Company being present through and represented by its counsel, Ruark Ruark, attorneys, the court modifies and amends certain findings of fact made by the North Carolina Industrial Commission in this proceeding, and strikes out and substitutes in lieu thereof, certain other findings of fact and conclusions of law, so that the findings of fact and conclusions of law as made by this court are as follows:
"1. The defendant Carolina Conference Association of the Seventh Day Adventists, employer, has not appealed from any finding of fact or conclusion of law, or from the award in this proceeding made by the North Carolina Industrial Commission since the institution of this proceeding before the said Industrial Commission.
"2. The parties to this proceeding are bound by the provisions of the North Carolina Workmen's Compensation Act, and the Lumbermen's Mutual Casualty Company is the insurance carrier of the defendant employer.
"3. The plaintiff suffered an injury by accident arising out of and in the course of his employment by the defendant Carolina Conference Association on 4 June, 1934, resulting in disability for a long period of time. *Page 577 
"4. The defendant employer had notice of the accident and the resulting injury suffered by the plaintiff employee immediately after the occurrence of the same. The defendant insurance carrier, however, had no notice of the accident other than such constructive notice as it may have had through the notice to the defendant employer, for some eleven months after the occurrence of the accident.
"5. No actual physical report or claim was filed with the North Carolina Industrial Commission, other than the report filed with the defendant insurance carrier on behalf of the plaintiff employee, for transmission by the said carrier pursuant to the instructions and rules of said Industrial Commission; but the defendant employer had due and actual notice of the accident and resulting injury to the plaintiff employee on 5 June, 1934, and the defendant insurance carrier had such notice on 22 May, 1935. Form 19 (being Exhibit 5, appearing in the record of this proceeding as certified by the North Carolina Industrial Commission) was received by the defendant insurance carrier from the defendant employer, at Greensboro, N.C. on 28 May, 1935, and was transmitted by said insurance carrier to the North Carolina Industrial Commission on 27 June, 1935.
"6. Prior to the date of the accident and resulting injury to the plaintiff employee, to wit: 4 June, 1934, the North Carolina Industrial Commission had prescribed and promulgated a rule requiring that the report of an accident and injury to an employee on Form 19 must be transmitted by the employer through his insurance carrier to the Industrial Commission. (See Exhibit 5, appearing in the record in this proceeding.)
"On the foregoing facts as found by the court, the court makes the following conclusions of law:
"1. The defendant insurance carrier had constructive notice of the accident and the resulting injury to the plaintiff employee from 5 June, 1934, to 22 May, 1935, the date at which it had actual notice of said accident from the defendant employer.
"2. The court is of the opinion and concludes that the filing of Form 19 with the defendant insurance carrier by the defendant employer on 28 May, 1935, constituted a filing of said Form 19 with the North Carolina Industrial Commission as of that date.
"3. The court is of the opinion and concludes that the filing of said Form 19 with the defendant insurance carrier constituted a filing of the claim of the plaintiff employee for compensation for the injury suffered by him on 4 June, 1934, with the North Carolina Industrial Commission as contemplated by the provisions of the North Carolina Workmen's Compensation Act and the rules prescribed and promulgated by said Industrial Commission; and that said claim was filed with the North *Page 578 
Carolina Industrial Commission within one year from the date of the accident, to wit: 4 June, 1934.
"4. The court is of the opinion that section 24 of the North Carolina Workmen's Compensation Act (N.C. Code of 1935, section 8081 [ff]), is a statute of limitations and is not a statute prescribing a condition annexed to the right to claim compensation, and that for the reason the requirements of said section can be waived.
"5. The court further finds as a fact and as a conclusion of law that the act of the defendant insurance carrier in holding Form 19 in its possession from 28 May, 1935, until after the expiration of one year from the date of the injury, and in failing to transmit the same to the North Carolina Industrial Commission before the expiration of said year was inequitable and constituted a waiver by the said defendant of its right to plead the statute of limitation in bar of plaintiff's recovery in this proceeding.
"It is now therefore, on the foregoing findings of fact and conclusions of law, considered, ordered, and adjudged that the claim of the plaintiff employee for compensation in this proceeding was duly filed with the North Carolina Industrial Commission within one year after the accident resulting in injury to the plaintiff employee, and that if it were not so filed the defendant Lumbermen's Mutual Casualty Company has waived its right to plead the statute of limitations, and is equitably estopped by its conduct to plead said statute. This proceeding is remanded to the North Carolina Industrial Commission for an award in accordance with this judgment.
"It is further adjudged that the defendant insurance carrier pay the costs of this appeal."
The defendant Lumbermen's Mutual Casualty Company excepted to the judgment and appealed to the Supreme Court, assigning as error the order of the court denying its motion that the appeal be dismissed, and the judgment as signed by the court.
A careful study of the provisions of the North Carolina Workmen's Compensation Act (chapter 120, Public Laws of North Carolina, 1929, as amended, chapter 133-A, N.C. Code of 1935), shows that it was the purpose of the General Assembly of this State, in providing for compensation for an employee who has suffered an injury, or for the dependents of an employee who has suffered death, by accident arising out of and in the course of his employment, without fault on the part of the employer, where both the employee and the employer have *Page 579 
accepted the provisions of the act, and are therefore bound by said provisions, that the North Carolina Industrial Commission, created by the act for that purpose, shall administer its provisions to the end that both employee and employer shall receive the benefits and enjoy the protection of the act. The act contemplates mutual concessions by employee and employer; for that reason, its validity has been upheld, and its policy approved. See Conrad v. Cook-Lewis Foundry Co., 198 N.C. 723,153 S.E. 266. In the opinion in that case, Adams, J., says:
"In construing the word `accident' as used in the Compensation Act, we must remember that we are not administering the law of negligence. Under that law an employee can recover damages only when the injury is attributable to the employer's want of due care; but the act under consideration contains elements of mutual concession between the employer and the employee by which the question of negligence is eliminated. Both had suffered under the old system, the employer by heavy judgments, the employee through old defenses or exhaustion in wasteful litigation. Both wanted peace. The master in exchange for limited liability was willing to pay on some claims in the future where in the past there had been no liability at all. The servant was willing not only to give up trial by jury, but to accept far less than he had often won in court, provided he was sure to get the small sum without having to fight for it. Stertz v.Industrial Ins. Commission, 91 Wn. 588, 158 P. 256."
It is provided in the act that "the rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this act, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representatives, parents, dependents, or next of kin, as against his employer at common law, or otherwise, on account of such injury, loss of service, or death." Chapter 120, Public Laws of N.C. 1929; section 11, N.C. Code of 1935, section 8081 (r).
To make its purpose that the North Carolina Workmen's Compensation Act shall be administered exclusively by the North Carolina Industrial Commission effective, the General Assembly has empowered the said Industrial Commission "to make rules, not inconsistent with this act, for carrying out the provisions of the act," and has provided that "processes and procedure under this act shall be as summary and simple as reasonably may be." Section 54. The North Carolina Industrial Commission has the power not only to make rules governing its administration of the act, but also to construe and apply such rules. Its construction and application of its rules, duly made and promulgated, in proceedings pending before the said Commission, ordinarily are final and *Page 580 
conclusive and not subject to review by the courts of this State, on an appeal from an award made by said Industrial Commission.
Where a proceeding for compensation under the provisions of the North Carolina Workmen's Compensation Act has been duly instituted before the North Carolina Industrial Commission, and an award has been finally made in the proceeding by the said Industrial Commission, the findings of fact made by the said Commission in support of its award are final and conclusive, where there was evidence sufficient to support the findings. Either party to the proceeding, within thirty days from the date of the award, or within thirty days after receipt of notice of the award, which may be given by registered mail, may appeal from the award to the Superior Court of the county in which the accident occurred. On such appeal, the Superior Court has no power to review the findings of fact by the Industrial Commission. It can consider only errors of law appearing in the record, as certified by the Industrial Commission. Section 60. The statutory provisions to this effect have been consistently and uniformly recognized by this Court. SeeMayze v. Forest City, 207 N.C. 168, 176 S.E. 270; Bryson v. Lumber Co.,204 N.C. 665, 169 S.E. 276; Moore v. Drug Co., 206 N.C. 711,175 S.E. 96; Kenan v. Motor Co., 203 N.C. 108, 164 S.E. 729; Wimbish v.Detective Co., 202 N.C. 800, 164 S.E. 344; Williams v. Thompson,200 N.C. 463, 157 S.E. 430. N.C. Code of 1935, section 8081 (ppp).
These statutory provisions are obviously not applicable to a motion by an appellee in the Superior Court, that the appeal be dismissed. In the instant case, however, on the facts found by the judge, there was no error in his refusal to allow the motion.
The award was made on 16 October, 1936. Notice of the award was duly served on attorneys for the plaintiff on 17 October, 1936. Within thirty days thereafter, the plaintiff caused notice of his appeal to be served on each of the defendants. Such notice was in compliance with the provisions of the statute. The contention of the defendant Lumbermen's Mutual Casualty Company, on this appeal, to the contrary is not supported by the decision of this Court in Higdon v. Light Co., 207 N.C. 39, 175 S.E. 710. In that case it was held that "the carbon copy of a letter from the secretary of the Industrial Commission to the attorney for the defendant cannot be construed as a compliance with the applicable statutes." In the instant case, it was found by the judge that notice of plaintiff's appeal was served on the defendant Lumbermen's Mutual Casualty Company on 31 October, 1936. Both the notice and the service were sufficient.
Pursuant to his notice of appeal, and at the request of the plaintiff, the Industrial Commission caused a transcript of the record in this proceeding to be made, and thereafter transmitted the said transcript, duly certified by its secretary, to the Superior Court of Wayne County, where *Page 581 
it was docketed on 12 December, 1936, before the expiration of the next ensuing term of said court. In the absence of any requirement of the statute as to the time within which a transcript of the record in a proceeding before the Industrial Commission must be docketed in the Superior Court, when there has been an appeal from the award of the Commission in such proceeding, as authorized by the statute, such docketing at any time before the convening of the next ensuing regular term of the Superior Court, or before said time has expired, is sufficient to perfect the appeal. Whether in a proper case the Industrial Commission may by an order in the proceeding extend the time for the transmission of the transcript and the docketing of the appeal in the Superior Court, need not be considered on this appeal. Statutory provisions with respect to appeals from judgments of justices of the peace to the Superior Court, where the trial must be de novo, are not controlling with respect to appeals from awards of the Industrial Commission to the Superior Court, where only errors of law appearing in the record may be considered.
There is no error in the order of the judge in the instant case refusing to allow defendant's motion that the appeal of the plaintiff from the award of the Industrial Commission to the Superior Court of Wayne County be dismissed. The appeal was duly and properly docketed in the Superior Court of Wayne County, on 12 December, 1936.
The Industrial Commission, in support of its award denying plaintiff compensation in this proceeding on the facts found by the Commission, concluded as a matter of law that by virtue of the provisions of section 24, Chapter 120, Public Laws of North Carolina, 1929, N.C. Code of 1935, section 8081 (ff), plaintiff's right to compensation for the injury which he suffered on 4 June, 1934, was barred for the reason that his claim for compensation was not filed with the Industrial Commission within one year after the accident. On plaintiff's appeal from this award to the Superior Court of Wayne County, this conclusion of law was reversed by the judge of said court, for that (1) if the provisions of section 24 shall be construed as annexing a condition precedent to the right of compensation, and not as a statute of limitation, on the facts found by him, the claim of the plaintiff for compensation was filed with the Industrial Commission within one year after the accident, and was therefore not barred; or (2) if the said provision shall be construed as constituting a statute of limitation, on the facts found by him, the defendant insurance carrier, by its conduct in failing to transmit Form 19, after the same had been signed by the defendant employer, and forwarded to said insurance carrier before the expiration of one year from the accident, to the Industrial Commission, until after the expiration of one year from the accident, was estopped to plead the statute in bar of plaintiff's right to compensation in this proceeding. *Page 582 
Section 24, chapter 120, Public Laws of North Carolina, N.C. Code of 1935, section 8081 (ff), is as follows:
"The right to compensation under this act shall be forever barred unless a claim be filed with the Industrial Commission within one year after the accident, and if death results from the accident, unless a claim be filed with the Commissioner within one year thereafter."
After careful consideration of the question, which has not been heretofore decided by this Court, we are of the opinion and hold that the provisions of section 24 constitute a condition precedent to the right to compensation, and not a statute of limitation. For this reason, where a claim for compensation under the provisions of the North Carolina Workmen's Act has not been filed with the Industrial Commission within one year after the date of the accident which resulted in the injury for which compensation is claimed, or where the Industrial Commission has not acquired jurisdiction of such claim within one year after the date of such accident (see Hardison v. Hampton, 203 N.C. 187, 165 S.E. 355), the right to compensation is barred.
In the instant case, the Industrial Commission has found as facts (1) that the proceeding was not begun, and (2) that the claim of the plaintiff for compensation was not filed with the Commission until after the expiration of one year from the date of the accident. These findings of fact are final and conclusive. The judge was without power to modify, change, or strike out these findings. On these findings of fact there is error in the judgment remanding the proceeding to the Industrial Commission for an award in accord with the judgment. The award of the Industrial Commission should have been affirmed.
The judgment of the Superior Court on this proceeding is
Reversed.