MAURICE McCRATER, EMPLOYEE, v. STONE & WEBSTER ENGINEERING CORPORATION, EMPLOYER, AND ROYAL INDEMNITY COMPANY, CARRIER.

(Filed 17 September, 1958.)

**1. Master and Servant § 43—**

The requirement of the Workmen's Compensation Act that claim for injury compensable thereunder should be filed within one year of the accident, G.S. 97-24, is a condition annexed to and forming a part of the right to maintain a claim for compensation and not a statute of limitations, and therefore an amendment enlarging the time, Chapter 1026, Sec. 12, Session Laws of 1955, is not applicable to claims existent at the time of the enactment of the amendment.

**2. Limitation of Actions § 3—**

While amendments enlarging a statutory period of limitation are applicable to all causes of action not barred at the time of the enactment of the amendment, as to statutes prescribing a time limit annexed to and forming a part of the right to maintain an action or proceeding, an amendment enlarging the time can apply only to rights of action or claims arising after the enactment of the amendment.

APPEAL by plaintiff from *Paul, J.*, at 12 December, 1957, Civil Term, of HALIFAX.

*Everett, Everett & Everett for plaintiff, appellant.*
*Smith, Moore, Smith, Schell & Hunter, and Stephen Milliken for defendants, appellees.*

JOHNSON, J.  This is a proceeding under the Workmen's Compensation Act to determine the liability, if any, of defendants on a claim filed by Maurice McCrater.

The plaintiff sustained a compensable injury on 7 April, 1955. At that time G.S. 97-24 provided:

"(a) The right to compensation under this article shall be forever barred unless a claim be filed with the Industrial Commission within one year after the accident. . . ."

G.S. 97-24 was amended by Ch. 1026, Sec. 12, S. L. of 1955, whereby the time for filing claim was extended to two years. The amendatory act, ratified 17 May, 1955, became effective 1 July, 1955.

The plaintiff filed claim 30 July, 1956, which was more than one year but less than two years after the date of his injury. Thus the crucial question before the Industrial Commission was whether the 1955 amendment had the effect of extending to two years the time within which the plaintiff had the right to file claim. The Commission concluded that the amendatory act may not be given retroactive effect, and that therefore the one-year statute in effect at the time of the injury applies and has the effect of defeating the plaintiff's claim. From this ruling the plaintiff appealed to the Superior Court. There the decision of the Commission was affirmed. From judgment so decreeing, the plaintiff appeals to this Court.

The requirement that claim be filed within the time limited by G.S. 97-24 has been construed by this Court to be a condition annexed to and forming a part of the right to maintain a claim for compensation, and not a statute of limitations. *Winslow v. Carolina Conference Association,* 211 N.C. 571, 191 S.E. 403; *Lineberry v. Mebane,* 218 N.C. 737, 12 S.E. 2d 252.

It is noteworthy that the construction placed on the time limitation in the Workmen's Compensation statute (G.S. 97-24) harmonizes with this Court's construction of the time limitation in our wrongful death statute, G.S. 28-173, as it was written prior to the amendatory act of 1951, Ch. 246, Sec. 1, S. L. of 1951, now codified as G.S. 28-173 (rewritten); and Ch. 246, Sec. 2, S. L. of 1951, now codified as G.S. 1-53(4). Up to the time of these amendments, the Court had consistently held that the time limitation in the statute was not a statute of limitations, but rather a condition precedent to maintenance of an action. *Colyar v. Motor Lines,* 231 N.C. 318, 56 S.E. 2d 647, and cases therein cited. The effect of the amendments of 1951 was to remove from the wrongful death act the time limitation and make the act subject to the statute of limitations of two years, G.S. 1-53(4).

The distinction between a time limitation being a substantive right or a matter of procedure is discussed in 34 Am. Jur., Limitation of Actions, Section 7, as follows:

"A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right."

See also this discussion of principles in 58 Am. Jur., Workmen's Compensation, Section 33:

"In harmony with the established principle that legislative enactments, in the absence of a clearly expressed intent to the contrary, will be deemed to be prospective, and not retrospective, workmen's compensation acts have been held not to apply to injuries which occurred before the law went into effect. On the same principle it is held that an amendment of the statute in respect of a matter of substantive right does not apply to existing injuries, . . ."

To like effect is the following statement of principles taken from the annotation in 82 A.L.R. 1244:

"As regards an injured employee, the time to be considered in determining whether a case is within the earlier or later provisions of the workmen's compensation act in relation to the compensation recoverable is the time of the injury. The right of the employee to compensation arises from the contractual relation between him and his employer existing at that time, and the statute then in force forms a part of the contract of employment and determines the substantive rights and obligations of the parties. No subsequent amendment in relation to the compensation recoverable can operate retrospectively to affect in any way the rights and obligations prior thereto fixed."

And so it is, under application of the principles discussed and applied in *Winslow v. Carolina Conference Association, supra* and *Lineberry v. Mebane, supra,* that the plaintiff's inchoate right to compensation arose by operation of law on the date of the accident. But his substantive right to compensation was not fixed by the simple fact of injury arising out of and in the course of his employment. The requirement of filing claim within the time limited by G.S. 97-24 was a condition precedent to his right to compensation. Necessarily, then, the element of filing claim within the time limited by the statute was of the very essence of the plaintiff's right to recover compensation. This time limit as fixed by the statute as it existed on the date of the accident, being a part of the plaintiff's substantive right of

recovery, could not be enlarged by subsequent statute. Any attempt to do so would be to deprive the defendants of vested rights.

The plaintiff cites and relies upon a line of decisions of this Court of which these are illustrative: *Waldrop v. Hodges,* 230 N.C. 370, 53 S.E. 2d 263, and *Alpha Mills v. Engine Co.,* 116 N.C. 797, 21 S.E. 917. The cited cases stand for the proposition that where statutes prescribing time limitations within which particular rights may be enforced relate to remedies only, and not to substantive rights, ordinarily the legislature has the power to enlarge the time necessary to constitute the bar of limitation, and to make it applicable to existing causes of action, provided such change is made before the cause of action is barred under the pre-existing statute of limitations. In the decisions relied on by the plaintiff the Court was dealing with pure statutes of limitations and amendments thereto which did not act on the substantive rights of the parties, but only affected the remedies. In such cases it is well settled that the time within which an action may be brought may be enlarged as to pending causes not barred, and that such legislation is not deemed retroactive and does not impair vested rights. 34 Am. Jur., Limitation of Actions, Sec. 29. But the foregoing principle does not fit this case. Here, as we have seen, compliance with the time limitation fixed by G.S. 97-24 has been construed by this Court as a condition precedent to the right to recover compensation. It is an inseparable part of the plaintiff's substantive right of action. *Winslow v. Carolina Conference Association, supra.*

The *Winslow* case also distinguishes the workmen's compensation cases cited by the plaintiff from other jurisdictions. In practically all the cited cases the courts in construing statutes which fixed the time limitation for filing claim construed the statutes as regular statutes of limitations rather than as conditions precedent to the right to compensation. These decisions, being squarely at variance with our decisions in *Winslow v. Carolina Conference Association, supra,* and *Lineberry v. Mebane, supra,* are unauthoritative.

The judgment below is

Affirmed.