MATTIE B. LONG, WIDOW OF THOMAS LONG, SR., DECEASED EMPLOYEE, PLAIN-TIFF-APPELLANT v. NORTH CAROLINA FINISHING COMPANY, EMPLOYER, SELF-INSURED, DEFENDANT-APPELLEE

No. 8610IC146

(Filed 19 August 1986)

1. **Master and Servant § 68.1— asbestosis — application of amended statute**

     The Industrial Commission erred in an asbestosis case by applying the provisions of N.C.G.S. § 97-58(a), which limited liability to instances in which disablement or death resulted within two years of the last exposure, rather than the amended provisions of the statute which became effective 1 July 1981 and which limited liability to ten years from the last exposure, where plaintiff died on 11 December 1981 and the claim was filed on 8 January 1982. The amended version of the statute was in effect at the time of plaintiff's death, the time when the right to compensation arose.

2. **Master and Servant § 68.1— asbestosis — injurious exposure — not required under N.C.G.S. § 97-58(a)**

     N.C.G.S. § 97-58(a) does not require proof of an injurious exposure as defined in N.C.G.S. § 97-57 because the N.C.G.S. § 97-57 definition is limited by the express language of the statute to determining liability under that statute, and because the purpose of N.C.G.S. § 97-57 is to determine whether there has been sufficient exposure to the hazards of asbestosis to hold the employer liable, while the purpose of N.C.G.S. § 97-58(a) is to limit the time in which the employer is liable.

APPEALS by plaintiff and defendant from Opinion and Award of the North Carolina Industrial Commission entered 17 October 1985. Heard in the Court of Appeals 5 June 1986.

On 8 January 1982 plaintiff filed this claim for workers' compensation benefits alleging that her husband, Thomas Long, Sr. [hereafter Long], was disabled and died from asbestosis which he contracted as a result of exposure to asbestos dust while working for defendant. Based on the evidence presented at a hearing held solely to determine whether plaintiff's claim met the exposure requirements of N.C. Gen. Stats. 97-57, 97-58 and 97-63, the Deputy Commissioner made the following pertinent findings of fact:

1. . . . Thomas Long died 11 December 1981.

. . . .

4. During the . . . period from 1960 to 1966, the deceased spent approximately 25% of his time working with asbestos and being exposed to its dust. Throughout this period, he was exposed to the hazards of asbestos for as much as 30 working days, or parts thereof, within seven consecutive calendar months.

5. . . . During [the period beginning in 1969 and ending 17 January 1972], the deceased was exposed to the dust of asbestos, but he was not exposed to the hazards of asbestos for as much as 30 working days, or parts thereof, within seven consecutive calendar months.

6. . . . The deceased was exposed to asbestos dust but not for as much as 30 working days, or parts thereof, within seven consecutive calendar months during the period from 1972 until the deceased's last day of work on 10 February 1981.

Based on the above findings of fact, the Deputy Commissioner made the following conclusions of law:

1. During the period from 196[0] to 1966, the deceased was injuriously exposed to the hazards of asbestosis, but there was no *injurious exposure* after that period. G.S. 97-57. [Emphasis supplied.]

2. The deceased was exposed to the inhalation of asbestos dust in employment for a period of not less than two years in this State and no part of the two year period was more than 10 years prior to his last exposure to asbestos. G.S. 97-63.

3. (However, the alleged disablement of deceased from exposure to asbestos particles occurred more than ten years after the deceased was last injuriously exposed to the hazards of asbestosis and, therefore, more than ten years after his last exposure to the disease of asbestosis. Hence, defendant is not liable for any compensation for alleged asbestosis under G.S. 97-58, the 1981 amendment of which is controlling in this case.)

Plaintiff appealed to the Full Commission. The Commission rejected the Deputy Commissioner's application of the amended version of N.C. Gen. Stat. 97-58(a), which was in effect at the time of Long's death, and applied N.C. Gen. Stat. 97-58(a) as it existed on 10 February 1981, the date of Long's disablement.

The amended version of N.C. Gen. Stat. 97-58(a), effective 1 July 1981, provides, in pertinent part, that "an employer shall not be liable for any compensation for asbestosis unless disablement or death results within *10* years after the last exposure to that disease." (Emphasis supplied.) The earlier version of N.C. Gen. Stat. 97-58(a), in pertinent part, limits an employer's liability for asbestosis to instances in which "disablement or death results within *two* years after the last exposure to such disease." (Emphasis supplied.)

The Commission found no evidence that Long had been "injuriously exposed to the hazards of asbestos dust" within two years of disablement and denied plaintiff's claim for benefits pursuant to the pre-July 1981 version of N.C. Gen. Stat. 97-58(a).

From the findings and conclusions of the Commission, plaintiff and defendant appealed.

*Ferguson, Stein, Watt, Wallas & Adkins, P.A., by Thomas M. Stern, for plaintiff appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by J. A. Gardner, III, and Mika Z. Savir, for defendant appellee.*

WHICHARD, Judge.

[1]  Plaintiff contends the Commission erred in applying the provisions of N.C. Gen. Stat. 97-58(a) in effect at the time of Long's disablement, as opposed to the amended provisions of the statute which became effective 1 July 1981. We are constrained to agree.

The legislature expressly provided that the amended version of N.C. Gen. Stat. 97-58(a) would become effective 1 July 1981 and apply "to claims filed with the Industrial Commission on and after that date." 1981 N.C. Sess. Laws ch. 734, s. 2. Plaintiff's claim was filed on 8 January 1982. Accordingly, the Commission erred in not applying the amended version of N.C. Gen. Stat. 97-58(a).

Defendant argues that the Commission correctly applied the law in effect at the time of Long's disablement, since to do otherwise would be an impermissible retrospective application of the law. A similar contention was rejected in *Booker v. Duke Medical Center*, 297 N.C. 458, 256 S.E. 2d 189 (1979).

In *Booker* an employee contracted serum hepatitis sometime during the first six months of 1971. On 3 January 1974 he died, and on 16 December 1974 his dependents filed claims with the Industrial Commission. The Commission determined that his death was the result of an "occupational disease" as defined by N.C. Gen. Stat. 97-53(13) as it existed at the time of his death, and it awarded his dependents benefits.

This Court reversed on the grounds that the law in effect at the time the employee contracted the disease governed his dependents' claims for benefits and that at that time serum hepatitis was not a compensable injury under the Workers' Compensation Act because it was not expressly listed in the schedule of compensable diseases found in N.C. Gen. Stat. 97-53 and did not fit within the "catchall" definition of an occupational disease set out in N.C. Gen. Stat. 97-53(13). *Booker v. Duke Medical Center*, 32 N.C. App. 185, 231 S.E. 2d 187 (1977). In reversing this Court, the Supreme Court stated:

> Since the dependents' right to compensation under G.S. 97-38 does not arise until the employee's death, the date of his death logically governs which statute applies. Contrary to the intimation of the Court of Appeals this construction of G.S. 97-53(13) does not make the statute unconstitutional. A statute is not rendered unconstitutionally retroactive merely because it operates on facts which were in existence prior to its enactment. The proper question for consideration is whether the act as applied will interfere with rights which had vested or liabilities which had accrued at the time it took effect. . . . This is the test which has consistently been ap-

plied in construing amendments to our Workmen's Compensation Act. [Citations omitted.]

*Booker*, 297 N.C. at 467, 256 S.E. 2d at 195.

As in *Booker*, the amended version of N.C. Gen. Stat. 97-58(a) was in effect at the time plaintiff's right to compensation arose, viz, the time of Long's death. For the reasons stated in *Booker*, we reject defendant's contention that the amended version of N.C. Gen. Stat. 97-58(a) could not constitutionally apply to plaintiff's claim.

[2]  The current version of N.C. Gen. Stat. 97-58(a), which the Commission should apply on remand, provides in pertinent part that "an employer shall not be liable for any compensation for asbestosis unless disablement or death results within ten years after *the last exposure to that disease. . . .*" (Emphasis supplied.) Plaintiff contends that the above requirement is satisfied if the Commission finds that Long was exposed to asbestos dust within ten years of his disablement. However, the Deputy Commissioner interpreted this provision to require a showing that Long "was last *injuriously* exposed to the hazards of asbestos" as defined in N.C. Gen. Stat. 97-57 within ten years of his disablement. (Emphasis supplied.) Similarly, the Commission interpreted an earlier version of N.C. Gen. Stat. 97-58(a), which in pertinent part limits an employer's liability for asbestosis to instances in which "disablement or death results within two years after *the last exposure to such disease*," to require a demonstration that Long "was *injuriously* exposed to the hazards of asbestos dust within the time allowed by statute." (Emphasis supplied.) Since it is apparent from the Deputy Commissioner's findings of fact that on remand the Commission will be required to apply the requirement that plaintiff demonstrate an "exposure to [asbestosis]" within ten years of Long's disablement or death, we address plaintiff's contention.

Defendant argues that N.C. Gen. Stat. 97-58(a) should be interpreted to require proof of an injurious exposure as defined in N.C. Gen. Stat. 97-57 within ten years of death or disablement. We disagree.

N.C. Gen. Stat. 97-57, in pertinent part, provides:

In any case where compensation is payable for an oc-cupational disease, the employer in whose employment the employee was last injuriously exposed to the hazards of such disease, and the insurance carrier, if any, which was on the risk when the employee was so last exposed under such em-ployer, shall be liable.

*For the purpose of this section* when an employee has been exposed to the hazards of asbestosis or silicosis for as much as 30 working days, or parts thereof, within seven con-secutive calendar months, such exposure shall be deemed in-jurious but any less exposure shall not be deemed injurious . . . . [Emphasis supplied.]

Application of the above definition of an "injurious exposure" to the hazards of asbestosis is limited, by the express language of the statute, to determining liability under N.C. Gen. Stat. 97-57.

Further, logically there is no reason to read the exposure re-quirements of N.C. Gen. Stat. 97-57 into N.C. Gen. Stat. 97-58(a). The purpose of N.C. Gen. Stat. 97-57 is to determine whether there has been sufficient exposure to the hazards of asbestosis during a particular period of employment to hold the employer during that period liable. By contrast, the purpose of N.C. Gen. Stat. 97-58(a) is to limit the time in which an employer is liable for a compensable exposure.

It is well-established that the Workers' Compensation Act "should be liberally construed to effectuate its purpose to provide compensation for injured employees or their dependents, and its benefits should not be denied by a technical, narrow, and strict construction." *Hollman v. City of Raleigh*, 273 N.C. 240, 252, 159 S.E. 2d 874, 882 (1968). *See also Watkins v. City of Wilmington*, 290 N.C. 276, 282, 225 S.E. 2d 577, 581 (1976); *Petty v. Transport, Inc.*, 276 N.C. 417, 426, 173 S.E. 2d 321, 328 (1970). We thus decline to read the "injurious" exposure requirements of N.C. Gen. Stat. 97-57 into N.C. Gen. Stat. 97-58(a). If the legislature desires that N.C. Gen. Stat. 97-58(a) be so interpreted, it should expressly so provide.

Defendant's cross assignments of error question whether the evidence is sufficient to support certain findings of fact made by the Deputy Commissioner. The Commission did not expressly

adopt the Deputy Commissioner's findings. Since it applied N.C. Gen. Stat. 97-58 as it existed at the time of Long's disablement, it may have considered these findings irrelevant. On remand the Commission should consider defendant's contention that certain findings made by the Deputy Commissioner are not supported by the evidence.

For the reasons stated, the Opinion and Award of the Industrial Commission is reversed, and the cause is remanded for a determination of plaintiff's claim not inconsistent with this opinion.

Reversed and remanded.

Judges WEBB and JOHNSON concur.