SHIRLEY ANN WHITT, PLAINTIFF-APPELLANT v. ROXBORO DYEING CO., INC., DEFENDANT-APPELLEE

No. 889DC266

(Filed 18 October 1988)

Master and Servant § 10.2; Limitation of Actions § 3.2— wrongful discharge—statute of limitations extended

Where plaintiff was allegedly wrongfully discharged on 23 January 1985, and on 8 July 1985 the legislature amended N.C.G.S. § 97-6.1(f) by substituting a one-year limitation period for the previous six-month period in actions for wrongful discharge, the amended statute applied to plaintiff's action commenced on 18 October 1985 so that it was not barred since the statute in question was a statute of limitations rather than a statute containing a condition precedent.

APPEAL by plaintiff from *Allen (Ben U.), Judge.* Judgment entered 30 November 1987 in District Court, PERSON County. Heard in the Court of Appeals 26 September 1988.

This is a civil action wherein plaintiff seeks damages and reinstatement from her former employer for wrongful discharge in violation of G.S. 97-6.1. The record shows that plaintiff was first employed by defendant in July 1984. On 2 January 1985, she was injured while on the job, was hospitalized, and remained under a physician's care until 22 April 1985. On 23 January 1985, plaintiff instituted a claim under the North Carolina Workers' Compensation Act. On the same day, defendant sent plaintiff a letter terminating her employment. When she was able to return to work on 22 April 1985, she was told she could not return.

On 18 October 1985, plaintiff instituted this action, asserting she was fired because she had made a workers' compensation claim. Defendant answered by alleging the running of the statute of limitations as a bar to the action. Following a hearing, the trial court entered an order dismissing the action on those grounds. Plaintiff appealed.

*North Central Legal Assistance Program, by Daniel R. Lauffer, for plaintiff, appellant.*

*Stubbs, Cole, Breedlove, Prentis & Poe, by Edmund D. Milam, Jr., for defendant, appellee.*

HEDRICK, Chief Judge.

Plaintiff argues the trial court erred in granting defendant's motion to dismiss because the applicable statute of limitations had been extended by the legislature before plaintiff's claim would have been barred. Before July 1985, G.S. 97-6.1(f) provided the statute of limitations in an action for wrongful discharge because of a workers' compensation claim was six months. Because plaintiff was discharged on 23 January 1985 and did not institute this action until 18 October 1985, she would be barred under the statute as it was before July 1985.

On 8 July 1985, however, the legislature amended the statute substituting a one-year limitations period for the previous six-month period. Because the statute was amended before plaintiff's action would have been barred by the former statute, the ques-

tion we must decide is whether the period in which plaintiff could bring her action was extended by the amendment.

The legislature may extend at will the time within which a right may be asserted or a remedy invoked so long as it is not already barred by an existing statute. *Stereo Center v. Hodson,* 39 N.C. App. 591, 251 S.E. 2d 673 (1979). Some statutes, however, by their language forever bar actions if not commenced within a certain time period. Our courts have found such provisions to be conditions precedent to actions rather than statutes of limitations, and for that reason have held that the legislature could not extend the time period for commencing actions when the time period had already begun to run. *McCrater v. Engineering Corp.,* 248 N.C. 707, 104 S.E. 2d 858 (1958).

In *McCrater,* our Supreme Court held that under G.S. 97-24 the requirement that an action be commenced within a certain time period was an essential element of the right to maintain a claim for compensation under the Workers' Compensation Act. Although the trial judge in the present case similarly found that the "time limitation bar of six months imposed by G.S. 97-6.1 is a condition precedent to maintenance of the action," G.S. 97-6.1 is clearly distinguishable from G.S. 97-24.

G.S. 97-6.1, the statute now in question, is a wrongful discharge statute while G.S. 97-24 deals solely with workers' compensation. G.S. 97-6.1 also provides specifically for a "statute of limitations," while G.S. 97-24 provides that the "right to compensation . . . shall be forever barred unless a claim be filed . . . within two years after the accident." The legislature was very clear in designating the provision in G.S. 97-6.1 as a "statute of limitations." It could have done otherwise if it had chosen.

In *McCrater,* the Court outlined the characteristics of a statute containing a condition precedent instead of a statute of limitations: (1) one which in itself creates a new liability, (2) one which provides for an action unknown at common law, and (3) one which fixes the time within which the action may be commenced. Although G.S. 97-6.1 and G.S. 97-24 both exhibit the first two characteristics, G.S. 97-6.1 does not exhibit the third characteristic in that it provides the time period for commencement of an action is "pursuant to G.S. 1-54." G.S. 1-54 is a statute of limitations for actions other than those involving real property. G.S. 97-24

provides its own limitations period and is not pursuant to any other statute. G.S. 97-6.1, therefore, does not fix its own limitations period as does G.S. 97-24.

Because of the explicit language of G.S. 97-6.1 providing for a "statute of limitations . . . pursuant to G.S. 1-54," we hold the statute is a statute of limitations which was extended by the legislature. The trial court erred by granting defendant's motion to dismiss. The action is remanded to the District Court of Person County for further proceedings.

Reversed and remanded.

Judges ARNOLD and WELLS concur.