Upon review of the record with respect to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission modifies and adopts the Opinion and Award of the Deputy Commissioner.
************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employee-employer relationship existed between the parties at all relevant times.
3. The carrier on the risk is Specialty Insurance Services, now known as Virginia Insurance Reciprocal.
4. Plaintiffs average weekly wage as determined by a Form 22 is $243.69 per week, yielding a compensation rate of $162.47.
5. The carrier paid medical bills for plaintiff from the date of her injury on 22 September 1994 through August 1997.
6. Industrial Commission Forms 18 and 19 are stipulated into evidence.
7. Forty pages of medical records were stipulated into evidence.
8. The sole issue for determination is whether or not G.S. 97-24
bars the claim filed by plaintiff.
************
Based upon the competent evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was born on 8 September 1960 and is certified as a nursing assistant.
2. While employed by defendant-employer on 22 September 1994, plaintiff experienced a specific traumatic incident to her back while working with a patient.
3. Plaintiff sought medical attention for her injury, but did not miss any time from work. She was laid off as part of a general reduction in work force by defendant-employer in November 1994. Defendant-employer paid for plaintiffs medical treatment related to her injury through August 1997. For approximately one year after being laid off, plaintiff received unemployment benefits in the amount of $3,650.00.
4. In 1994, the North Carolina General Assembly amended G.S. 97-24 by adding a provision which permitted filing a claim for benefits within two years after the last payment of medical compensation when no other compensation has been paid and when the employers liability has not otherwise been established under the Act. The amendment became effective 1 January 1995 and was made applicable to claims pending on or filed after that date. Prior to the amendment, G.S. 97-24 limited the time within which to file a claim for workers compensation benefits to two years from the date of injury.
5. Plaintiff filed her claim for benefits under the Act in December 1996.
************
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. The requirement of filing a claim for compensation under the Act within the time limits contained in G.S. 97-24 is not a statute of limitation, but is a condition precedent to the right to receive compensation. Reinhardt v. Womens Pavilion, Inc., 102 N.C. App. 83,401 S.E.2d 138 (1991).
2. When a claim is not filed within the time period allowed by G.S.97-24, the Industrial Commission does not acquire jurisdiction, and the right to compensation is barred. Id.
3. In McCrater v. Stone Webster Engineering Corp., 248 N.C. 707,104 S.E.2d 858 (1958), a case directly on point with the issue before the Commission, our Supreme Court held that the time limit in effect as of the date of the accident causing injury controls the jurisdictional bounds of the Industrial Commission. In McCrater, the claimant was injured prior to the effective date of an amendment to G.S. 97-24 which extended the time in which to file a claim from one year from the date of injury to two years. The claimant filed his claim fifteen months after the date of injury. The Supreme Court held that the amendment may not be given retroactive effect, stating:
[T]he plaintiffs inchoate right to compensation arose by operation of law on the date of the accident. But his substantive right to compensation was not fixed by the simple fact of injury arising out of and in the course of his employment. The requirement of filing claim within the time limited by G.S. 97-24 was a condition precedent to his right to compensation. Necessarily, then, the element of filing claim within the time limited by the statute was of the very essence of the plaintiffs right to recover compensation. This time limit as fixed by the statute as it existed on the date of the accident, being a part of the plaintiffs substantive right of recovery, could not be enlarged by subsequent statute. Any attempt to do so would be to deprive the defendants of vested rights.
Id. at 709-710.
4. The Commission is bound by the law as set forth in the McCrater
decision. Accordingly, plaintiff is bound by G.S. 97-24 as it existed at the time of her injury by accident.
5. The Commission was divested of jurisdiction over plaintiffs claim when plaintiff failed to file a claim within two years from the date of her injury by accident.
************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiffs claim must be and is hereby DENIED.
2. The parties shall divide the costs of this action.
This the ___ day of September 2000.
 S/_______________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING IN RESULT ONLY:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER