ANNIE MOORE JAMES, Employee-Plaintiff v. WILSON MEMORIAL HOSPITAL, Employer-Defendant and SPECIALTY INSURANCE SERVICES, Carrier-Defendant

No. COA01-122

(Filed 2 January 2002)

**Workers' Compensation— time period for claim—proper version of statute**

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff's claim for benefits was barred by N.C.G.S. § 97-24(a) as it existed at the time of her injury, because: (1) an employer acquires a vested right on the date of the employee's injury since the employer is entitled to assess its potential liability as of the date of injury based on the existing law; and (2) plaintiff's right to compensation and defendant's corresponding liability arose prior to the effective date of N.C.G.S. § 97-24(a) as amended which extended the period for filing a claim from one to two years.

Appeal by plaintiff from order filed 27 October 2000 by the North Carolina Industrial Commission. Heard in the Court of Appeals 5 December 2001.

*Perry & Brown, by Cedric R. Perry, for plaintiff-appellant.*

*Young Moore and Henderson, P.A., by Terryn D. Owens and Zachary C. Bolen, for defendants-appellees.*

WALKER, Judge.

Plaintiff filed a claim on 13 December 1996 seeking benefits under the Workers' Compensation Act for a back injury she sustained on 22 September 1994 while employed by defendant. Following a hearing, a deputy commissioner concluded that plaintiff's claim was barred by N.C. Gen. Stat. § 97-24(a) as it existed at the time of her injury and denied her claim for benefits. On appeal, the Full Commission (Commission) concluded it did not have jurisdiction and affirmed the deputy commissioner's order.

The pertinent facts as found by the Commission are not in dispute. On 22 September 1994, plaintiff sustained an injury to her back while employed as a nurse assistant for defendant. Plaintiff sought medical treatment for her injury but did not miss any work.

Defendant paid for plaintiff's medical treatment. In November 1994, plaintiff was laid off as part of a general reduction in work force. Nevertheless, defendant continued to pay for the medical treatment related to plaintiff's injury until August 1997.

With this appeal, plaintiff contends the Commission erred in concluding that her claim for benefits was barred by N.C. Gen. Stat. § 97-24(a).

At the time of plaintiff's injury, our Workers' Compensation Act provided:

> The right to compensation under this Article shall be forever barred unless a claim be filed with the Industrial Commission within two years after the accident.

N.C. Gen. Stat. § 97-24(a) (1993). However, in 1994, our legislature amended this provision as part of the Workers' Compensation Reform Act of 1994. Under the amended version, a party may file a claim:

> within two years after the last payment of medical compensation when no other compensation has been paid and when the employer's liability has not otherwise been established under this Article.

N.C. Gen. Stat. § 97-24(a) (1995). By its expressed terms, the amendment applies to all claims filed on or after its effective date of 1 January 1995. 1993 N.C. Sess. Laws ch. 679, s. 11.1(f).

Plaintiff argues that N.C. Gen. Stat. § 97-24(a) as amended should apply to her claim for benefits as she filed it after 1 January 1995 and within two years after defendant last paid medical compensation. We disagree.

In *McCrater v. Engineering Corp.*, 248 N.C. 707, 104 S.E.2d 858 (1958), our Supreme Court addressed the issue of whether an amendment to N.C. Gen. Stat. § 97-24(a), which extended the time period for filing a claim from one to two years, applied retrospectively to an injury sustained prior to the amendment's effective date. The Court held that since such an amendment effectively enlarged an employee's substantive right to recovery, if applied retrospectively, it would divest an employer of a vested right. Therefore, the amendment did not apply to those existing claims at the time it became effective. The Court reasoned:

[A] plaintiff's inchoate right to compensation [arises] by opera-tion of law on the date of the accident. But [the] substantive right to compensation [is] not fixed by the simple fact of injury arising out of and in the course of . . . employment. The requirement of filing [a] claim within the time limited by G.S. 97-24 [is] a condi-tion precedent to [the] right to compensation. Necessarily, then, the element of filing [a] claim within the time limited by the statute [is] of the *very essence of the plaintiff's right to recover compensation*. This time limit as fixed by statute as it existed on the date of the accident, being a part of the plaintiff's substantive right of recovery, could not be enlarged by subsequent statute. Any attempt to do so would be to deprive the defendant[] of vested rights.

*Id.* at 709-10, 104 S.E.2d at 860 (emphasis added).

Plaintiff contends *McCrater* is not binding authority because defendant would not be deprived of a vested right by an application of the amended version of N.C. Gen. Stat. § 97-24(a). Specifically, plaintiff argues that applying the statute as amended would not deprive defendant of "any property or title" or "any immunity or exemption which had become fixed or certain" by 1 January 1995. However, plaintiff's argument fails to recognize the crux of the *McCrater* holding which is that in cases involving injury by accident, an employer acquires a vested right on the date of the employee's injury. *McCrater*, 248 N.C. at 710, 104 S.E.2d at 860. This vested right arises because the employer is entitled to assess its potential liability as of the date of injury based on the existing law.

Here, N.C. Gen. Stat. § 97-24(a) conditioned plaintiff's right to compensation and defendant's corresponding liability on her filing a claim within two years of the date she was injured. *Reinhardt v. Women's Pavilion, Inc.*, 102 N.C. App. 83, 401 S.E.2d 138 (1991) (the timely filing of a claim for compensation under the Workers' Compensation Act is a condition precedent to right to receive com-pensation). Thus, defendant had an exemption from liability which had become fixed or certain as of 22 September 1994. To apply N.C. Gen. Stat. § 97-24 as amended so as to allow plaintiff to file her claim more than two years after 22 September 1994 would deprive defend-ant of this exemption.

Plaintiff also maintains our Supreme Court's holding in *Booker v. Duke Medical Center*, 297 N.C. 458, 256 S.E.2d 189 (1979) and this Court's holding in *Long v. N.C. Finishing Co.*, 82 N.C. App. 568, 346

S.E.2d 669 (1986) requires that N.C. Gen. Stat. § 97-24(a) as amended be applied to allow her claim. However, our holding today does not conflict with the holdings of these cases.

In *Booker*, the plaintiffs were family members seeking benefits for an employee's death, which they alleged resulted from an occupational disease. One issue before the Court was whether an amended version of N.C. Gen. Stat. § 97-53(13) applied to the family members' claim. The employer argued the version which existed at the time the employee allegedly contracted the occupational disease should apply. The Court disagreed, holding that since the family members did not acquire a substantive right to recovery until the employee's death, the amended version applied. Citing *McCrater*, the Court noted, "[t]he proper question for consideration is whether the act as applied will interfere with rights which had vested or liabilities which had accrued at the time it took effect." *Booker*, 297 N.C. at 461, 467-68, 256 S.E.2d at 192, 195-96 (other citations omitted).

In *Long*, this Court applied the *Booker* holding to an amendment which extended employers' liability for employees' exposure to asbestos. Under the original version, liability was limited to instances in which disablement or death occurred two years after the last exposure. However, the amendment lengthened the liability to ten years after the last exposure. The employer argued the amendment should not apply to a family member's claim for death benefits where the last exposure occurred prior to the amendment's effective date. We disagreed noting that, as in *Booker*, the amended version was in effect at the time the family member's right to compensation arose. *Long*, 82 N.C. App. at 571-73, 346 S.E.2d at 671-72.

Here, in contrast to the factual circumstances in *Booker* and *Long*, plaintiff's right to compensation and defendant's corresponding liability arose prior to the effective date of N.C. Gen. Stat. § 97-24(a) as amended.

In sum, we conclude that N.C. Gen. Stat. § 97-24(a) as amended does not apply so as to allow plaintiff's claim for benefits. The Commission's order barring plaintiff's claim is affirmed.

Affirmed.

Judges WYNN and THOMAS concur.