JAMES LENARD SMALL v. EVANDER M. BRITT AND CHARLES H. KIRKMAN

No. 8216SC1113

(Filed 18 October 1983)

**Limitation of Actions § 4.1— attorney malpractice suit—complaint not filed within three years of accrual of action**

Defendant's Rule 12(b)(6) motion to dismiss was properly granted where it was clear, from the face of the complaint, that plaintiff's action for attorney malpractice was commenced after the statute of limitations had run. Plaintiff, prison inmate, mailed his complaint and affidavit exactly three years from the date his cause of action accrued, and even if plaintiff's complaint had been permitted to be filed when it was first received in the mail by the clerk of superior court, the three year statute of limitations would have run. G.S. 1-15(c).

APPEAL by plaintiff from *Martin, John C., Judge.* Order entered 27 August 1982 in Superior Court, ROBESON County. Heard in the Court of Appeals 20 September 1983.

This case concerns the statute of limitations for a professional malpractice suit brought by plaintiff, a defendant in a criminal case, against his court-appointed attorneys. On 20 April 1979, plaintiff was convicted of first degree murder, and, on 24 April 1979, was sentenced to death. On 24 April 1979, the trial court also entered an order discharging plaintiff's court-appointed attorneys, the defendants here. The North Carolina Supreme Court subsequently reviewed the case, and plaintiff's conviction was reduced to a conviction of accessory before the fact and his sentence reduced to life imprisonment. *State v. Small,* 301 N.C. 407, 272 S.E. 2d 128 (1980).

On 20 April 1982, plaintiff signed, verified, and allegedly mailed his complaint in this action, along with an affidavit in support of his request to proceed in forma pauperis, to the Clerk of Superior Court of Robeson County. On the in forma pauperis affidavit, plaintiff answered question number 3 ("Do you own cash,

or do you have money in a checking or savings account?") by marking the answer "yes." He failed to respond to the second part of the question, which stated: "If the answer is 'yes,' state the total value of the items owned." Typed on the second page of the affidavit was a certificate from Central Prison reporting that plaintiff had $38.00 in the prison trust fund. Ruling that plaintiff's in forma pauperis affidavit was incomplete, the presiding judge in Robeson County, on 26 April 1982, ordered the Clerk of Superior Court to return the complaint to plaintiff and not to file it until plaintiff paid the filing costs.

Plaintiff completed question number 3 in the affidavit, reporting that the total value of his money was the $38.00 that was in the prison trust fund, and mailed it back to the Clerk of Superior Court, on or about 28 April 1982. On 5 May 1982, the presiding judge ordered that the plaintiff could proceed in forma pauperis and that the action should be filed. The Clerk of Superior Court filed the complaint and issued the summonses on 7 May 1982.

On 1 June 1982, defendants filed a Rule 12(b)(6) motion to dismiss, alleging that the action was barred by the applicable statute of limitations, G.S. 1-15(c). Plaintiff filed a response to defendants' motion on 10 June 1982 and submitted a request for appointment of counsel pursuant to G.S. 1-110 on 15 June 1982. On 27 August 1982, the trial court allowed defendants' motion to dismiss on the grounds that the applicable statute of limitations was three years, under G.S. 1-15(c). The trial court found that the face of the complaint showed that the plaintiff's action accrued no later than 24 April 1979, was commenced on 7 May 1982, and was thus barred. On the same day, the trial court denied plaintiff's request for appointment of counsel.

From the granting of defendants' motion to dismiss and the denial of plaintiff's request for appointment of counsel, plaintiff appeals.

*James Lenard Small, pro se, plaintiff-appellant.*

*Tharrington, Smith & Hargrove, by Wade M. Smith, John R. Edwards, Elizabeth F. Kuniholm, for defendant-appellees.*

EAGLES, Judge.

We find no error in the trial court's granting of defendants' motion to dismiss. A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is the proper method to test whether a pleading is legally sufficient. In determining as a matter of law whether the allegations state a claim for which relief may be granted, the allegations of a complaint are viewed as admitted. *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E. 2d 611, 615 (1979). A complaint may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle plaintiff to relief. This generally precludes dismissal except where the face of the complaint discloses some insurmountable bar to recovery. *Forbis v. Honeycutt*, 301 N.C. 699, 273 S.E. 2d 240 (1980). In this case, the trial court properly ruled that the face of the complaint disclosed an insurmountable bar to recovery in that the complaint was filed after the applicable statute of limitations had run.

The statute of limitations applicable to this legal malpractice action is G.S. 1-15(c). *Clodfelter v. Bates*, 44 N.C. App. 107, 260 S.E. 2d 672 (1979). The three year statute of limitations of G.S. 1-15(c) applies here, for defendant's imprisonment was not a disability that tolled the running of the statute of limitations. G.S. 1-17; *Evans v. Chipps*, 56 N.C. App. 232, 287 S.E. 2d 426 (1982).

According to G.S. 1-15(c), a cause of action for professional malpractice accrues "at the time of the occurrence of the last act of the defendant giving rise to the cause of action. . . ." See *Flippen v. Jarrell*, 301 N.C. 108, 270 S.E. 2d 482 (1980). Here, plaintiff alleged numerous acts of negligence on the part of the defendants during the pre-trial and trial phases of the prosecution, but there are no allegations of negligence on the part of the defendants subsequent to the jury's verdict on 20 April 1979. In particular, there are no allegations of negligence on the part of defendants during the sentencing portion of the trial, which ended on 24 April 1979. Taking all the allegations of the plaintiff's complaint as true for the purpose of evaluating this motion to dismiss, we conclude that the defendants' alleged negligence was complete on 20 April 1979, and that the cause of action accrued on 20 April 1979.

Mailing the complaint and affidavit on 20 April 1982 did not constitute commencement of the action. A civil action is commenced by filing a complaint with the court or, in some cases, by issuing a summons. N.C. R. Civ. P. 3. Even if the complaint had been permitted to be filed when it was first received in the mails by the clerk of superior court, the three year statute of limitations would have already run. Because the requirements as to payment of fees had not been complied with, the complaint and affidavit were returned to the plaintiff without filing. G.S. 7A-305(c). It was only on 7 May 1979, after plaintiff had completed the in forma pauperis affidavit and the presiding judge ordered that plaintiff be allowed to proceed in forma pauperis, that the complaint was filed and summonses issued. It is clear, from the face of the complaint, that this filing commenced the action after the statute of limitations had run. Therefore, the Rule 12(b)(6) motion to dismiss was properly granted.

Plaintiff's second assignment of error, that the trial court erred in denying his request for appointment of counsel, has no merit. There is no statutory right to appointed counsel in civil cases, and a due process right to appointed counsel in a civil case arises only if needed to insure fundamental fairness (because of the complexity of the case or the party's inability to speak for himself). *Jolly v. Wright*, 300 N.C. 83, 265 S.E. 2d 135 (1980). There was no due process violation in the trial court's denial of plaintiff's request for appointed counsel.

No error.

Judges ARNOLD and WELLS concur.