COLONY HILL CONDOMINIUM I ASSOCIATION, COLONY HILL CONDOMINIUM I, BOARD OF DIRECTORS OF COLONY HILL CONDOMINIUM I ASSOCIATION, LARRY FERRELL, JENNIE B. FERRELL, JOEL PULEO, ELLEN PULEO, CHRISTINE A. LONG, JUDITH I. WOODBURN, MARY A. BROWN, DONALD P. VANDAYBURG, DOROTHY VANDAYBURG, U. S. FIRE INSURANCE COMPANY, CRUM & FORSTER INSURANCE GROUP, QUINCY MUTUAL FIRE INSURANCE COMPANY, NORTH RIVER INSURANCE COMPANY v. COLONY COMPANY, A PARTNERSHIP; FRED J. HERNDON, WILLIAM C. SPANN, INDIVIDUALLY, AND T/A HERNDON CONSTRUCTION COMPANY; MARTIN STAMPING AND STOVE COMPANY; MARTIN INDUSTRIES, INC.; HERNDON BUILDING COMPANY

No. 8314SC1071

(Filed 18 September 1984)

1. **Limitation of Actions § 4.2; Negligence § 20— negligence in building condominium — action barred by statute of repose**

In an action to recover damages arising from a fire in a building housing plaintiffs' condominiums, the statute of repose barred their claims against defendant builders even before the injury occurred, since the version of G.S. 1-50(5) effective from 1963 until 1 October 1981 was applicable to plaintiffs' claims; that statute provided a six-year limit on actions arising out of defective or unsafe improvements to real property; and there was no exception for *wilful and wanton negligence in constructing the improvements.*

Colony Hill Condominium I Assoc. v. Colony Co.

**2. Sales § 2— defective prefabricated fireplace — action barred by statute of repose**

Plaintiffs' claims against defendant manufacturers of a prefabricated fireplace were barred by G.S. 1-50(6), which provides that claims arising out of defective products must be brought within six years of date of initial purchase, since the fireplace was purchased between 25 January 1973 and 27 September 1973, and plaintiffs' potential claims for damages arising out of a defect in the fireplace were thus barred at the latest in September 1979, even before their injury occurred on 20 December 1979.

APPEAL by plaintiffs from *Clark, Judge.* Judgment entered 22 June 1983 in Superior Court, DURHAM County. Heard in the Court of Appeals 21 August 1984.

This suit arises out of a fire which extensively damaged Building 3062 of the Colony Hill Condominiums in Durham. Its source was a prefabricated fireplace in Unit 3062A, a condominium owned by Jean Breckenridge. Ms. Breckenridge started a fire in the fireplace on the evening of 20 December 1979. The fire apparently drafted improperly and escaped through a crack in the front of the fireplace where the firebox met the decorative surround. Whether Breckenridge used artificial logs in building the fire and what caused the crack in the fireplace are matters of dispute. The fire spread inside the wall and up to the attic and then across to the adjacent condominiums. The absence of adequate fire stops and proper fire walls permitted the fire to spread rapidly through the building and to damage extensively other condominium units. Damage was estimated at $200,000.

Plaintiffs commenced this action by filing a summons on 21 December 1981 and a complaint on 8 March 1982. Plaintiffs include all of the individual owners of condominium units in Building 3062 except Jean Breckenridge, the insurance company that paid the condominium association for its casualty loss, the insurance companies of the individual claimants, the Colony Hill Condominium I Association, and the Board of Directors of the Colony Hill Condominium Association. Plaintiffs sued the developers and builders of the condominium units (referred to collectively as defendant-builders): Colony Company, a partnership formed by Fred J. Herndon and William C. Spann, and Herndon and Spann, individually, and T/A Herndon Construction Company. Plaintiffs also sued the manufacturers of the prefabricated fireplace, Martin Stamping and Stove Company and Martin Industries, Inc.

Plaintiffs sought to recover damages incurred in the fire loss, alleging that defendant-builders were negligent in the construction of the condominium project and installation of the fireplace, and in the failure to instruct the owners of the condominium units with regard to the use of the fireplaces. Plaintiffs allege also that the defendant-manufacturers were negligent in the design, construction, and instruction for the use of the fireplaces installed in the condominiums. Finally, plaintiffs allege that defendant-builders and defendant-manufacturers breached express warranties as well as implied warranties of merchantability and of fitness for a particular purpose.

At a hearing on 20 June 1983 the Honorable Giles R. Clark concluded that plaintiffs' claims against all defendants were barred by applicable statutes of repose and granted defendants' motions for summary judgment. From these proceedings plaintiffs appeal.

*Haywood, Denny and Miller, by Stewart W. Fisher, for plaintiff appellants.*

*Moore, Ragsdale, Liggett, Ray and Foley, by Peter M. Foley and Nancy D. Fountain, for defendant appellees Martin Stamping and Stove Company and Martin Industries, Inc.*

*Spears, Barnes, Baker and Hoof, by John C. Waino and Craig B. Brown, for defendant appellees Colony Company, Fred J. Herndon, William C. Spann, Herndon Construction Company and Herndon Building Company.*

ARNOLD, Judge.

The primary issue on appeal is whether the trial court properly granted summary judgment against the plaintiffs on the grounds that their claims are barred by statutes of repose, G.S. 1-50(5) and G.S. 1-50(6). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Vassey v. Burch*, 301 N.C. 68, 72, 269 S.E. 2d 137, 140 (1980). Whether a statute of repose has expired is strictly a legal issue, *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 425, 302 S.E. 2d 868, 871-72 (1983), and if the pleadings or proof show without contradiction that it has expired, then summary judgment may be granted.

Colony Hill Condominium I Assoc. v. Colony Co.

## 1. Plaintiffs' Claims Against the Defendant-Builders

[1]   Plaintiffs contend that the present version of G.S. 1-50(5), effective 1 October 1981, applies to their negligence claims. This statute provides generally that:

> No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement. G.S. 1-50(5)(a).

Subsection (e) of the statute prevents any person guilty of wilful or wanton negligence in constructing an improvement to real property from asserting the six-year limit on actions arising out of the improvement. Plaintiffs argue that defendant-builders were guilty of such wilful and wanton behavior and therefore may not plead the statute of repose.

The statute of repose applicable to plaintiffs' claims, however, is not the present version of G.S. 1-50(5), but the version effective from 1963 until 1 October 1981 ("the 1963 statute"). *See* 1963 N.C. Sess. Laws c. 1030. That statute provided, in pertinent part:

> (5) No action to recover damages for any injury to property, real or personal, or for an injury to the person, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury, shall be brought against any person performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property, more than six (6) years after the performance or furnishing of such services and construction.

It had no exception preventing defendants guilty of wilful and wanton negligence from invoking the six-year time limit.

Under the 1963 statute, the plaintiffs' negligence claims were barred in 1979. The record shows that construction of Building 3062 of the Colony Hill Condominiums was completed, at the

latest, by December, 1973. Under the 1963 statute, then, plaintiffs had until December, 1979 to bring an action against the defendant-builders. They did not commence an action until 21 December 1981. The 1963 statute therefore barred their action nearly two years prior to passage of the 1981 statute of repose, and almost exactly two years before they brought suit. The 1963 statute, again, had no exception for wilful and wanton negligence.

The plaintiffs argue that the 1981 statute, with its subsection (e), operates retrospectively to revive plaintiffs' negligence claims. Once the 1963 statute of repose barred the plaintiffs' suit, however, a subsequent statute could not revive it. *See McCrater v. Stone & Webster Engineering Co.*, 248 N.C. 707, 104 S.E. 2d 858 (1958). A statute of repose, unlike an ordinary statute of limitations, defines substantive rights to bring an action. *See Bolick v. American Barmag Corp.*, 306 N.C. 364, 368, 293 S.E. 2d 415, 418 (1982). Filing within the time limit prescribed is a condition precedent to bringing the action. *See McCrater*, 248 N.C. at 709. Failure to file within that period gives the defendant a vested right not to be sued. *McCrater*, 248 N.C. at 709-10. Such a vested right cannot be impaired by the retroactive effect of a later statute. *Id.*

In enacting the statute of repose G.S. 1-50(5), the legislature defined a liability of limited duration. Once the time limit on the plaintiffs' cause of action expired, the defendants were effectively "cleared" of any wrongdoing or obligation. If we were to find that a later version of G.S. 1-50(5) operates retrospectively, then it must revive a liability already extinguished, and not merely restore a lapsed remedy. *See Danzer v. Gulf & Ship Island Railroad Co.*, 268 U.S. 633, 637 (1925); *cf. Campbell v. Holt*, 115 U.S. 620 (1885). Such a revival of the defendants' liability to suit, long after they have been statutorily entitled to believe it does not exist, and have discarded evidence and lost touch with witnesses, would be so prejudicial as to deprive them of due process, *see Danzer v. Gulf & Ship Island Railroad Co.*, 268 U.S. 633 (1925); *In re Alodex Corp. Securities Litigation*, 392 F. Supp. 672, 680-81 (S.D. Iowa 1975). While we are sympathetic with the plaintiff condominium owners, who find that the statute of repose barred their claims even before injury occurred, we cannot let our sympathies lead us to construe the statute so as to place an unconstitutional burden on the defendant-builders.

Plaintiffs also contend that their cause of action is not barred by the statute of repose because defendants Fred Herndon and the Colony Company retained an ownership interest until 1977, thereby causing them to have a continuing duty to all owners until that date. Plaintiffs claim that they had until 1983, six years from the date defendants relinquished all ownership interest, to bring this action. In support of their contention, plaintiffs have submitted three deeds, one of which shows that defendants conveyed one of the units to its current owner in 1977. However, as the fire in question occurred in a structure entirely separate from that which contained the unit transferred in the 1977 deed, we find this conveyance to be irrelevant. In fact, from the deeds submitted, it appears that the latest date by which defendants could be charged with retaining an ownership interest in a unit located in the damaged building would be 22 January 1974. By this deed the six-year statute of repose would be tolled on 22 January 1980, still nearly two years before this action was filed.

The evidence submitted by plaintiffs shows that defendant-builders had no continuing interest in the condominium units where the fire occurred and, therefore, had no continuing duty to other owners. The case of *North Carolina State Ports Authority v. L. A. Fry Roofing Co.*, 294 N.C. 73, 240 S.E. 2d 345 (1978), is not applicable to the case at bar. We hold that the trial court did not err in granting summary judgment on the negligence claims against the defendant-builders, as the action was barred by G.S. 1-50(5).

The plaintiffs' warranty claims against the defendant-builders are also covered by the statute of repose in that they are essentially actions to recover for damages to real property and arose out of "the defective and unsafe condition" of the condominium construction. They are therefore barred under the same analysis as above.

2. Plaintiffs' Claims Against the Defendant-Manufacturers

[2] Plaintiffs allege an array of claims against the defendant-manufacturers of the prefabricated fireplace. These include claims of breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, breach of express warranty, and negligence in design of the fireplace and in

failure to warn. We find that these claims all are subject to G.S. 1-50(6):

> *No action* for the recovery of damages for personal injury, death or damage to property *based upon or arising out of any alleged defect or any failure in relation to a product* shall be brought more than six years after the date of initial purchase for use or consumption. (Emphasis added.)

All the plaintiffs' claims against the defendant-manufacturers are for damage to property and are either "based upon" or "arise out of" an alleged defect or failure in relation to a product, the prefabricated fireplace. The generality of the language in Section 1-50(6) indicates that the legislature intended to cover the multiplicity of claims that can arise out of a defective product. See generally *Reid v. Eckerds Drugs, Inc.*, 40 N.C. App. 476, 253 S.E. 2d 344 (1979), for a discussion of the relation between these various claims.

Section 1-50(6) became effective on 1 October 1979. It had retroactive effect upon claims which had not accrued (or had not been barred) by the date it went into effect. *See Bolick v. American Barmag Corp.*, 306 N.C. 364, 293 S.E. 2d 415 (1982). The plaintiffs' claims had not accrued by 1 October 1979 because, as they assert, the defects in the prefabricated fireplace were hidden; the cause of action for the defect did not accrue until the defect became obvious, which in this case was the time of injury, 20 December 1979. Under Section 1-50(6), then, since the fireplace was purchased for use during the period 25 January 1973 to 27 September 1973, the plaintiffs' potential claims for damages arising out of a defect in it were barred at the latest in September 1979.

## 3. Constitutionality of the Repose Statutes

Plaintiffs contend that G.S. 1-50(6) is unconstitutional. In *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 302 S.E. 2d 868 (1983), the North Carolina Supreme Court found G.S. 1-50(5) constitutional. This analysis applies to G.S. 1-50(6) as well, in that both are statutes of repose.

The decision of the trial court entering summary judgment in favor of all defendants is

Affirmed.

Judges WHICHARD and EAGLES concur.