JUDY C. WALKER, ADMINISTRATRIX OF THE ESTATE OF VIRGINIA CRANFILL, DE-CEASED v. JUAN J. SANTOS, M.D. AND FORSYTH COUNTY HOSPITAL AUTHORITY, INC.

No. 8321SC1214

(Filed 2 October 1984)

**Death § 4— wrongful death—time of negligent act—action barred by statute of limitations**

     Plaintiff's wrongful death action was barred by G.S. 1-15(c) and G.S. 1-53(4) where plaintiff's complaint alleged that defendant treated plaintiff's decedent from 14 January 1966 until 15 March 1966 and decedent died on 10 March 1981 as a result of such allegedly negligent treatment.

     Judge BECTON concurring.

APPEAL by plaintiff from *Long, James M., Judge*. Order entered 28 July 1983 in Superior Court, FORSYTH County. Heard in the Court of Appeals 19 September 1984.

    *E. Vernon F. Glenn and David P. Shouvlin for plaintiff appellant.*

    *Womble, Carlyle, Sandridge & Rice, by Keith W. Vaughan and Keith A. Clinard, for defendant appellee Juan J. Santos, M.D.*

WHICHARD, Judge.

Plaintiff commenced this action on 29 April 1983 by filing a complaint. The complaint alleged that defendant-physician administered radiotherapeutic treatment to plaintiff's decedent from

14 January 1966 until 15 March 1966 and that the decedent died on 10 March 1981 "[a]s a result of the faulty and negligently directed and administered" treatment.

The trial court granted defendant-physician's motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6), on the ground that the action was not brought within the time allotted by statute. Plaintiff appeals.

G.S. 1-15(c), with one exception not pertinent here, provides that an action arising out of the performance of or failure to perform professional services shall in no event be commenced more than four years from the last act of the defendant giving rise to the cause of action. G.S. 1-53(4) precludes an action for wrongful death if G.S. 1-15(c) would have barred the decedent, when alive, from bringing an action for bodily harm. These statutes together, by their express terms, preclude the bringing of this action. Nothing else appearing, the court thus properly allowed the Rule 12(b)(6) motion to dismiss. *Small v. Britt*, 64 N.C. App. 533, 307 S.E. 2d 771 (1983); *Roberts v. Durham County Hospital Corp.*, 56 N.C. App. 533, 289 S.E. 2d 875 (1982), *affirmed per curiam*, 307 N.C. 465, 298 S.E. 2d 384 (1983).

Plaintiff argues that we should declare G.S. 1-15(c) unconstitutional. This Court has upheld this statute against constitutional attack based on vagueness, denial of equal protection, and the prohibition against exclusive emoluments. *Roberts, supra.* Neither this Court nor our Supreme Court has passed upon a challenge to G.S. 1-15(c) under the "open courts" provision of Article I, Section 18, of the Constitution of North Carolina. The Supreme Court, however, has upheld G.S. 1-50(5), which is also a statute of repose, against such an attack. *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 302 S.E. 2d 868 (1983). This Court has held that the constitutionality of G.S. 1-50(6), still another statute of repose, must also be upheld pursuant to the *Lamb* analysis. *Davis v. Mobilift Equipment Co.*, 70 N.C. App. 621, 320 S.E. 2d 406 (1984); *Colony Hill Condominium I Association v. Colony Company*, 70 N.C. App. 390, 320 S.E. 2d 273 (1984). No rational basis appears for applying to G.S. 1-15(c) a constitutionality analysis different from that which our Supreme Court applied to G.S. 1-50(5) in *Lamb* and which this Court by analogy applied to G.S. 1-50(6) in *Davis* and *Colony Hill*.

We thus find no merit in plaintiff's arguments relating to the constitutionality of G.S. 1-15(c). The order is therefore

Affirmed.

Chief Judge VAUGHN and Judge BECTON concur.

Judge BECTON concurring.

Were I writing on a clean slate, I would be disposed to reverse; however because our Supreme Court, in the cases cited by Judge Whichard, has definitively resolved the statute of repose issue against plaintiff, I am duty-bound to concur and affirm the trial court's order.