EDWARD J. DAVIS AND WIFE, BOBBIE S. DAVIS v. MOBILIFT EQUIPMENT COMPANY, INC., WHITE FARM EQUIPMENT COMPANY, AND MINNE-APOLIS-MOLINE MANAGEMENT ASSOCIATED, INC.

No. 8316SC1042

(Filed 2 October 1984)

**Limitation of Actions § 4.2— product liability—statute of repose**

Plaintiff's claim was not cognizable where he brought his action more than six years after defendant's sale of a lift truck to plaintiff's employer, because G.S. 1-50(6) is a statute of repose, which "constitutes a substantive definition of, rather than procedural limitation on, rights." Commencement of suit within the allotted time is a "condition to the legal cognizability of [the] claim." G.S. 1-50(5).

APPEAL by plaintiffs from *Britt, Samuel E., Judge.* Order entered 21 June 1983 in Superior Court, ROBESON County. Heard in the Court of Appeals 17 September 1984.

*Hedrick, Eatman, Gardner, Feerick, and Kincheloe, by Richard T. Feerick and John F. Morris, for plaintiff appellants.*

*McLean, Stacy, Henry & McLean, P.A., by William S. McLean, for defendant appellee Mobilift Equipment Company, Inc.*

WHICHARD, Judge.

Defendant Mobilift Equipment Company, Inc. (Mobilift) sold an industrial lift truck to plaintiff-husband's employer on 17 August 1973. While plaintiff-husband was operating the truck on 16 June 1980, a box fell from it, struck him, and caused permanent disabling injuries. Plaintiffs commenced this action on 2 July 1981 seeking damages for plaintiff-husband's injuries and plaintiff-wife's loss of consortium.

The trial court granted Mobilift's motion for summary judgment, based on G.S. 1-50(6), which provides: "No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption." By its terms this statute applies to the uncontroverted facts and precludes this action. Plaintiffs do not contend otherwise. They argue only that the statute is unconstitutional and that their forecast of evidence contained matter which should estop Mobilift from pleading the statute.

We find the reasoning of *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 302 S.E. 2d 868 (1983), dispositive of these arguments. While *Lamb* dealt with G.S. 1-50(5) rather than G.S. 1-50(6), both are statutes of repose, and no rational basis appears for treating them differently with respect to the issues presented.

This Court has held that the *Lamb* analysis must apply to both statutes with regard to the constitutional issues. *Colony Hill Condominium I Association v. Colony Company*, 70 N.C. App. 390, 320 S.E. 2d 273 (1984). Pursuant to *Lamb* and *Colony Hill*, we hold that plaintiffs' constitutional arguments do not provide a basis for reversal.

A statute of repose "constitutes a substantive definition of, rather than a procedural limitation on, rights." *Lamb v. Wedgewood South Corp.*, 308 N.C. at 426, 302 S.E. 2d at 872. The effect "is that unless the injury occurs within the six-year period, there is no cognizable claim." *Id.* at 440, 302 S.E. 2d at 880. Commencement of suit within the allotted time is a "condition to the legal cognizability of [the] claim." *Id.* at 444, 302 S.E. 2d at 882.

It is undisputed that plaintiff-husband sustained injuries and plaintiffs brought this action more than six years after Mobilift's sale of the truck to plaintiff-husband's employer. The action thus is simply not cognizable; and the doctrine of estoppel would appear inapplicable. Assuming the contrary, *arguendo*, the forecast of evidence does not raise an estoppel issue against Mobilift.

Affirmed.

Chief Judge VAUGHN and Judge JOHNSON concur.