WILLIAM M. EVANS AND WIFE, HILDA G. EVANS v. VESTER MITCHELL

No. 8425SC1058

(Filed 21 May 1985)

**Negligence § 2; Limitation of Actions § 4.2— negligence action against builder by second purchaser—denial of directed verdict improper**

  The trial court erred by denying defendant's motion for a directed verdict in an action to recover damages for the faulty construction of a house because plaintiffs were the second purchasers of the house. Moreover, although it was not raised on appeal, the house was constructed in 1972 and the version of G.S. 1-50(5) in effect from 1963 through 1981 barred plaintiffs' claims in 1978.

APPEAL by defendant from *McConnell, J.* Judgment entered 20 April 1984 in Superior Court, BURKE County. Heard in the Court of Appeals 9 May 1985.

The plaintiffs, William and Hilda Evans, brought suit against the defendant, Vester Mitchell, to recover damages for the faulty construction of their home. Their complaint stated three theories of recovery: implied warranty, fraud and deceptive practices in violation of G.S. Ch. 75, and negligence. The trial court allowed

defendant's motion for directed verdict as to the first two of these, and allowed the issue of negligence to be decided by the jury. The jury found the defendant guilty of negligence and awarded damages of $10,000.

The defendant appeals the denial of his motion for directed verdict on the negligence claim, the denial of his request to submit the issue of contributory negligence to the jury, and the failure of the trial court to explain adequately in his charge to the jury the element of proximate causation.

*McMurray & McMurray, by John H. McMurray, for defendant appellant.*

*Sowers, Avery & Crosswhite, by William E. Crosswhite, for plaintiff appellees.*

ARNOLD, Judge.

The defendant contends that the trial judge erred by denying his motion for directed verdict as to the plaintiffs' negligence claim. The defendant's contention has merit.

The defendant argues that plaintiffs were the second purchasers of the house at issue and therefore could not bring suit for negligence against the builder. In *Oates v. JAG, Inc.*, 66 N.C. App. 244, 311 S.E. 2d 369, *disc. rev. allowed*, 311 N.C. 761, 321 S.E. 2d 142 (1984), this Court held that a subsequent purchaser of a house, once removed from the original vendee, may not maintain an action against the original builder for negligent construction of the house. The court observed, and we agree, that "while some jurisdictions apparently have extended tort liability to real property under the theory of vulnerability espoused by Cardozo in *MacPherson v. Buick Motor Co.*, 217 N.Y. 382, 111 N.E. 1050 (1916), North Carolina has not joined the crowd." *Oates v. JAG, Inc.*, 66 N.C. App. at 247, 311 S.E. 2d at 371. The trial judge therefore should have granted the directed verdict as to plaintiffs' negligence claim.

*Sullivan v. Smith*, 56 N.C. App. 525, 289 S.E. 2d 870, *disc. rev. denied*, 306 N.C. 392, 294 S.E. 2d 220 (1982), which plaintiffs cite, did not address the issue of the extension of tort liability in real property cases brought by subsequent purchasers. It therefore is not controlling on that issue.

We mention another serious defect in plaintiffs' claims, which the parties failed to raise on appeal. The plaintiffs' house was constructed in 1972. Under the version of the statute of repose, G.S. 1-50(5), effective from 1963 through 1981, all of plaintiffs' claims were barred in 1978. *See Colony Hill Condominium I Association v. The Colony Company,* 70 N.C. App. 390, 320 S.E. 2d 273 (1984).

The motion for directed verdict as to plaintiffs' negligence claim thus should have been granted.

We see no need to reach defendant's other contentions.

Reversed.

Judges MARTIN and PARKER concur.