WILLIAM A. DAVIDSON v. VOLKSWAGENWERK, A.G., A WEST GERMAN COR-
PORATION AND VOLKSWAGEN OF AMERICA, INC., A NEW JERSEY CORPORA-
TION AND JORDAN VOLKSWAGEN, INC.

No. 8526SC498

(Filed 3 December 1985)

**Limitation of Actions § 4.2; Negligence § 20— product liability—statute of repose —constitutionality and applicability**

The six-year statute of repose of N.C.G.S. 1-50(6) is constitutional and barred plaintiff's action instituted in 1984 against the manufacturer and dealer of a vehicle initially purchased by another in 1974 to recover for injuries sustained in a 1983 accident although plaintiff did not purchase the vehicle until 1980. There is no merit in plaintiff's contention that an extraordinary post-manufacture duty arises under certain circumstances and that a claim arising from the breach of this duty is beyond the purview of N.C.G.S. 1-50(6).

APPEAL by plaintiff from *Burroughs, Judge*. Judgment entered 10 December 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 1 November 1985.

This action was instituted on 5 April 1984. The complaint alleged in substance: On 24 March 1983 plaintiff, while driving south on Rural Paved Road 1525 in freezing weather and snow, was struck head on by a vehicle traveling north, driven by Debrah C. Perry; Ms. Perry's vehicle lost control and crossed the center line, striking plaintiff's vehicle; plaintiff's vehicle was a 1974 Volkswagen Bus manufactured and distributed by defendants Volkswagenwerk, A.G. and Volkswagon of America; plaintiff purchased the vehicle from defendant Jordan Volkswagen, Inc. in 1980; plaintiff was the second owner; the impact of the accident caused the forward wall of the vehicle to collapse into the driving compartment, crushing plaintiff's legs and body; plaintiff was pinned in the vehicle and exposed to severe weather for over an hour before rescue equipment arrived on the scene; plaintiff received injuries to his legs which rendered him permanently disabled. The complaint alleged that the force of the impact of the

vehicle was not great and that plaintiff's injuries were proximately caused by the defective design and lack of crashworthiness of the vehicle. Plaintiff further alleged that the defendants had knowledge of these defects at the time of manufacture, as well as notice thereafter from test and road results. Plaintiff stated seven separate claims for relief as to each defendant: (1) negligence, (2) breach of implied warranty, (3) breach of express warranty, (4) tortious concealment, (5) negligent failure to warn, (6) strict liability and (7) unfair trade practices in violation of G.S. 75-1.1. Each of the defendants answered, asserting, among other things, the defenses that (1) plaintiff's complaint failed to state a claim upon which relief could be granted, requiring dismissal under Rule 12(b)(6), N.C. Rules Civ. P., and (2) plaintiff's claims were barred by the statute of repose, G.S. 1-50(6). Each defendant applied for a preliminary hearing on its motion for dismissal under Rule 12(b)(6). Defendant Jordan Volkswagen cross-claimed against codefendants for indemnification based upon (a) breach of implied and express warranties and (b) a theory of primary or active negligence. Subsequently, each defendant moved for partial summary judgment as to him, supported by affidavits. On 10 December 1984 a preliminary hearing was conducted. The court granted each defendant's motion to dismiss the complaint and each defendant's motion for summary judgment. Plaintiff appeals.

*Hamel, Hamel & Pearce, P.A., by Hugo A. Pearce, III, and Lewis, Babcock, Gregory & Pleicones of Columbia, South Carolina, by A. Camden Lewis and Daryl G. Hawkins, for plaintiff appellant.*

*Jones, Hewson & Woolard, by Harry C. Hewson and Hunter M. Jones, for defendant appellees Volkswagenwerk, A.G. and Volkswagon of America, Inc.*

*Caudle & Spears, P.A., by Lloyd C. Caudle and Thad A. Throneburg, for defendant appellee Jordan Volkswagen, Inc.*

JOHNSON, Judge.

The statute of repose, G.S. 1-50(6) provides:

No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be

brought more than six years after the date of initial purchase for use or consumption.

G.S. 1-50(6) (1983).

The date of the initial purchase of the Volkswagen Bus was on or about 4 September 1974. By its clear language, the North Carolina statute of repose precludes this action.

Plaintiff does not contest the applicability of this statute as to four of his claims, rather he contends that this statute is unconstitutional. The constitutionality of this statute was unresolved at one time. *Bolick v. American Barmag Corp.*, 54 N.C. App. 589, 284 S.E. 2d 188 (1981), *aff'd and mod.*, 306 N.C. 364, 293 S.E. 2d 415 (1982). *See also Tetterton v. Long Mfg. Co.*, 67 N.C. App. 628, 631, 313 S.E. 2d 250, 251 (1984) (Becton concurring in the result). However, recent case law puts this issue to rest. G.S. 1-50(6) is constitutional. *Colony Hill Condominium I Assoc. v. Colony Co.*, 70 N.C. App. 390, 320 S.E. 2d 273 (1984), *disc. rev. denied*, 312 N.C. 796, 325 S.E. 2d 485 (1985); *Davis v. Mobilift Equipment Co.*, 70 N.C. App. 621, 320 S.E. 2d 406 (1984), *disc. rev. denied*, 313 N.C. 328, 329 S.E. 2d 385 (1985); *Walker v. Santos*, 70 N.C. App. 623, 320 S.E. 2d 407 (1984).

Plaintiff contends that certain of his claims against defendant are viable even if our statute of repose is held to be constitutional. Plaintiff bases this contention upon the theory that an extraordinary, post-manufacture duty arises under certain circumstances and that a claim arising from the breach of this duty is beyond the purview of G.S. 1-50(6). We disagree. The language of the statute is clear. "*No* action for the recovery of damages for personal injury . . . *shall* be brought. . . ." G.S. 1-50(6) (emphasis added). G.S. 1-50(6) is intended to be a substantive definition of rights which sets a fixed limit after the time of the product's manufacture beyond which the seller will not be held liable. *Bolick, supra.* To accept plaintiff's theory would defeat the purpose of the statute. Therefore, we

Affirm.

Chief Judge HEDRICK and Judge WHICHARD concur.