HARRY FRANK GARRETT v. HERMAN WINFREE, INDIVIDUALLY AND AS GENERAL PARTNER, AND CHARLES WINFREE, INDIVIDUALLY AND AS GENERAL PARTNER, AND WINFREE AND WINFREE, A GENERAL PARTNERSHIP

No. 9418SC452

(Filed 7 November 1995)

**1. Limitations, Repose, and Laches § 26 (NCI4th)— legal malpractice claims—actions accruing in 1984 and 1989—actions barred by statute of limitations**

Even if plaintiff did have a viable cause of action for professional negligence, that action was barred by the statutes of limitation and repose where plaintiff's first claim arose out of defendant Herman Winfree's 1979 representation of plaintiff in a workers' compensation matter; the first cause of action began to accrue in February 1984, the point immediately after which defendant was no longer legally able to fulfill his continuing duty to plaintiff; plaintiff's second cause of action was based on defendant Charles Winfree's representation beginning in the fall of 1989 in an attempt to re-open plaintiff's workers' compensation case; there was nothing defendant or any other attorney could have done to have avoided the two-year statute of limitations of N.C.G.S. § 97-47; and defendant's efforts were therefore moot and did not result in any damages to plaintiff.

**Am Jur 2d, Attorneys at Law §§ 219-221.**

**What statute of limitations governs damage action against attorney for malpractice. 2 ALR4th 284.**

**2. Limitations, Repose, and Laches § 26 (NCI4th)— statute of repose—no violation of equal protection**

The statute of repose, N.C.G.S. § 1-15(c), was not unconstitutional as applied in this case on the ground that it was a violation of plaintiff's rights to equal protection guaranteed by the United States and North Carolina Constitutions.

**Am Jur 2d, Attorneys at Law §§ 219-221.**

**GARRETT v. WINFREE**

[120 N.C. App. 689 (1995)]

Appeal by plaintiff from Order entered 24 January 1994 by Judge Thomas W. Seay, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 2 February 1995.

*Michael A. Swann, Esquire for plaintiff-appellant.*

*Adams Kleemeier Hagan Hannah & Fouts, L.L.P. by Margaret Shea Burnham and David S. Pokela for defendant-appellees.*

McGEE, Judge.

This is a legal malpractice claim arising out of a workers' compensation case in which defendants, Herman Winfree and Charles Winfree, represented plaintiff, Harry Frank Garrett.

On 7 December 1975, plaintiff was injured in a work-related accident when he fell from a roof. As a result of the fall, plaintiff's left knee was broken into fragments. Plaintiff originally entered into an agreement for compensation with his employer. However, a disagreement developed and in May 1979, plaintiff retained defendant Herman Winfree to represent him in his workers' compensation case. A hearing on plaintiff's claim was held before the Industrial Commission and, among other things, plaintiff was awarded permanent partial disability benefits on 14 April 1981 for injury to his left leg. Plaintiff received compensation for this injury until mid-February of 1982.

Over the years, plaintiff continued to experience medical difficulties. He underwent a total left knee replacement in March 1982, a fusion of the left knee in April 1986, and finally his left leg had to be amputated in December 1987. In March 1989, he received a permanent partial disability rating for his right leg, which subsequently worsened and was later amputated in 1991. During these years, plaintiff alleged he contacted defendants to inquire about filing for additional workers' compensation claims and that defendants advised him to wait and not pursue any further claims.

In the fall of 1989, defendant Charles Winfree attempted to reopen plaintiff's workers' compensation claim at plaintiff's request. By letter dated 13 November 1989, defendant Charles Winfree reviewed with plaintiff the background and status of his case and advised him that an attempt to reopen his case would likely be barred by the two-year statute of limitations on workers' compensation change of condition claims. However, since plaintiff claimed he had not received the Industrial Commission's Form 28B Report of Compensation and Medical Paid, which is required when the last

compensation check is issued, defendant agreed to pursue the matter. In January 1990 defendant filed requests for hearings for compensation for injuries to the right leg and to reopen the claim for injuries to the left leg. On 20 September 1990, Commissioner Gregory M. Willis entered an Opinion and Award refusing to re-open the case based on the two-year statute of limitations under N.C. Gen. Stat. § 97-47.

Plaintiff filed this negligence action against defendants on 9 September 1993. Defendants timely filed a motion to dismiss and answer with plaintiff filing a reply. Defendants filed a motion for judgment on the pleadings on 7 January 1994. On 24 January 1994, Judge Thomas Seay, Jr. entered an order granting defendants' motion and dismissing the action with prejudice. From this order, plaintiff appeals.

Plaintiff contends the pleadings in this case were sufficient to withstand defendants' motion for judgment on the pleadings and that a careful review of the matter will show the defendants have failed to meet the stringent standards for a Rule 12(c) motion. We disagree and for the reasons stated below, we affirm the trial court's decision to grant defendants' 12(c) motion.

A motion for judgment on the pleadings is authorized by Rule 12(c) of the North Carolina Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 12(c) (1990). "The rule's function is to dispose of baseless claims or defenses when the formal pleadings reveal their lack of merit." *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974). Where all the material allegations of fact are admitted, only questions of law remain and no question of fact is left for jury determination, a motion for judgment on the pleadings is proper. *Id.* Judgment on the pleadings is improper where the pleadings do not resolve all the factual issues. *Id.*

Since a judgment on the pleadings is a summary procedure with the decision being final, these motions must be carefully examined to ensure that the non-moving party is not prevented from receiving a full and fair hearing on the merits. *Id.* The standard is strict and the moving party must show that, when considering the pleadings in the light most favorable to the non-moving party, "no material issue of facts exists and that he is clearly entitled to judgment." *Id.* "When a party moves for judgment on the pleadings, he admits . . . [t]he truth of all well-pleaded facts in the pleading of his adversary . . . and the untruth of his own allegations in so far as they are controverted by the pleading of his adversary." *Gammon v. Clark*, 25 N.C. App. 670,

671, 214 S.E.2d 250, 251 (1975) (quoting *Erickson v. Starling*, 235 N.C. 643, 656, 71 S.E.2d 384, 393 (1952)).

In support of his contention that judgment on the pleadings was improper, plaintiff makes four arguments for our consideration: (1) he has three separate grounds for recovery for professional negligence; (2) his claim for negligence is not barred by the statute of limitations or repose found in the professional malpractice limitations statute; (3) the statute of repose provision of N.C. Gen. Stat. § 1-15(c) is unconstitutional; and (4) defendants should be estopped from asserting a statute of limitations or repose defense.

[1] Plaintiff's first argument is that he can sustain a claim for professional negligence based on the following: (1) defendant Herman Winfree failed to file to re-open plaintiff's case based on a change of condition even though he knew or should have known that plaintiff's condition had worsened; (2) defendant Herman Winfree repeatedly assured plaintiff that "everything was alright" and that he would "take care of it" thereby inducing plaintiff to wait instead of taking action to receive additional workers' compensation benefits; (3) plaintiff's injury to his right leg would have been compensable under G.S. 97-47 but the claim was improperly abandoned by both of the defendants. In considering the pleadings in a light favorable to plaintiff, even if there were a viable cause of action for professional negligence, that action is barred by the statutes of limitations and repose.

N.C. Gen. Stat. § 1-15(c) (1983) provides:

Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: Provided that whenever there is bodily injury to the person, economic or monetary loss, or a defect in or damage to property which originates under circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin, and the injury, loss, defect or damage is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made: Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. Provided further, that in no event shall an action be commenced more than four

years from the last act of the defendant giving rise to the cause of action: Provided further, that where damages are sought by reason of a foreign object, which has no therapeutic or diagnostic purpose or effect, having been left in the body, a person seeking damages for malpractice may commence an action therefor within one year after discovery thereof as hereinabove provided, but in no event may the action be commenced more than 10 years from the last act of the defendant giving rise to the cause of action.

G. S. 1-15(c) (1983). This statute creates, among other things, a statute of repose which is not measured from the date of injury, but accrues on the date of the last act of the defendant giving rise to the cause of action or "from substantial completion of some service rendered by defendant." *Hargett v. Holland,* 337 N.C. 651, 654, 447 S.E.2d 784, 787 (quoting *Trustees of Rowan Tech. v. Hammond Assoc.,* 313 N.C. 230, 234 n. 3, 328 S.E.2d 274, 276-77 n. 3 (1985), *reh'g denied,* 338 N.C. 672, 453 S.E.2d 177 (1994).

In *Hargett v. Holland,* 337 N.C. 651, 447 S.E.2d 784 and *McGahren v. Saenger,* 118 N.C. App. 649, 456 S.E.2d 852 (1995), *defendant's disc. review denied,* 340 N.C. 568, 460 S.E.2d 318, *plaintiffs' disc. review denied and appeal dismissed,* 340 N.C. 568, 460 S.E.2d 319 (1995), our appellate courts examined the question of what constitutes the last act of defendant which gives rise to the legal action and we find these cases dispositive as to this case. In *Hargett,* our Supreme Court considered the case of an attorney who drafted a will in 1978. Thirteen years later, the attorney was sued for negligently drafting the 1978 will. The Court concluded that, under these particular circumstances, the attorney had no continuing legal duty to correct the will. *Hargett,* 337 N.C. at 655, 447 S.E.2d at 788. The attorney had entered into a contract "to prepare a will after which defendant [attorney] was an attesting witness to the will, defendant's duty was simply to prepare and supervise the execution of the will. This arrangement did not impose on defendant a continuing duty . . . to review or correct the will." *Id.* The Court further stated "defendant's last act giving rise to the claim occurred when he supervised the execution of the will on 1 September 1978; therefore plaintiffs' claim . . . is barred by the four-year statute of repose provision contained in the professional malpractice statute of limitations." *Id.* at 654, 447 S.E.2d at 787.

In *McGahren,* defendant prepared a deed in 1985 which was to have transferred title to all the property in a subdivision, but the deed

failed to include one of the lots. Plaintiff learned of the omission in 1989 and in January of 1990, he informed defendant of the problem. Defendant attempted to correct the problem, but the second deed prepared by defendant in 1990 to convey the lot to plaintiff was also defective. This Court held that there were two distinct causes of action against defendant: the first arose out of defendant's failure to properly prepare a deed transferring one of the subdivision lots in 1985. *McGahren,* 118 N.C. App. at 653, 456 S.E.2d at 854. The "last act" of the first claim was defendant's delivery of the deed to plaintiff. *Id.* The second cause of action arose in 1990 when defendant prepared a subsequent deed in an attempt to convey the lot to the plaintiff. *Id.* The Court found the first cause of action was barred by G.S. 1-15(c), but the second was not. *Id.*

Like *McGahren,* this case contains two distinct causes of action against defendants and both are barred as a matter of law. The first claim arises out of defendant Herman Winfree's 1979 representation of plaintiff in a workers' compensation matter and the second cause of action is based on defendant Charles Winfree's representation of plaintiff beginning in the fall of 1989.

Defendant Herman Winfree's 1979 representation of plaintiff resulted in a final adjudication and an award to plaintiff for permanent partial disability to the left leg. Plaintiff's last payment on this award was in February 1982. If plaintiff felt that further compensation was necessary, a change of condition request should have been filed asking the Industrial Commission to review the award and make an award increasing the compensation previously awarded, based on a change of condition. *See* G.S. 97-47. However, no review is possible under G.S. 97-47 if the request is filed after two years from the date of the last payment of compensation. *Apple v. Guilford County,* 321 N.C. 98, 100-01, 361 S.E.2d 588, 590 (1987).

"[A]n attorney's duty to a client is . . . determined by the nature of the services he agreed to perform." *Hargett,* 337 N.C. at 656, 447 S.E.2d at 788. The contractual arrangement between attorney and client determines the extent of the attorney's duty to the client and the end of the attorney's professional obligation. *Id.* at 658, 447 S.E.2d at 789. Assuming, *arguendo,* that under these facts, the nature of defendant's arrangement with plaintiff was such that defendant had a continuing duty to submit a change of condition request to the Industrial Commission under G.S. 97-47, his opportunity to do so ended in February of 1984, two years after plaintiff received his last

GARRETT v. WINFREE

[120 N.C. App. 689 (1995)]

payment of compensation. Once the two-year period had passed, there was nothing any attorney could have done to re-open plaintiff's case. Therefore, the first cause of action began to accrue in February 1984, the point immediately after which defendant was no longer legally able to fulfill his continuing duty to plaintiff. Substantial completion of service rendered by defendant occurred when he failed to timely file a change of condition request; this omission was defendant's last act giving rise to plaintiff's claim. *See Hargett v. Holland,* 337 N.C. 651, 657-58, 447 S.E.2d 784, 789 (1994) (discussion distinguishing *Sunbow Industries, Inc. v. London,* 58 N.C. App. 751, 294 S.E.2d 409, *disc. review denied,* 307 N.C. 272, 299 S.E.2d 219 (1982)).

Plaintiff's second cause of action is based on defendant Charles Winfree's representation of plaintiff beginning in the fall of 1989 and is also barred as a matter of law. The pleadings and attachments show that on 13 November 1989, defendant wrote plaintiff a detailed letter which summarized the history of plaintiff's workers' compensation claim and advised plaintiff that the two-year statute of limitations for requesting a change of condition under G.S. 97-47 ended in 1984. However, defendant agreed to further investigate the matter with the Industrial Commission to see if the case could be re-opened. Plaintiff then signed a letter agreeing to allow Charles Winfree to represent him in pursuing additional workers' compensation benefits.

A legal malpractice case requires the plaintiff to show by the greater weight of the evidence "(1) that the attorney breached the duties owed to his client, as set forth by *Hodges,* 239 N.C. 517, 80 S.E.2d 144, and that this negligence (2) proximately caused (3) damage to the plaintiff." *Rorrer v. Cooke,* 313 N.C. 338, 355, 329 S.E.2d 355, 365-66 (1985). As defendants point out, there was nothing Charles Winfree or any other attorney could have done to have avoided the two-year statute of limitations problem presented by G.S. 97-47. If no claim could have survived, then Charles Winfree's efforts were moot and did not result in any damages to plaintiff; therefore, this second cause of action fails.

Plaintiff also argues defendants improperly abandoned any claim he might have successfully made for compensation for injury to his right leg. Plaintiff's complaint states:

"9. Plaintiff also injured his right leg in the accident of December 7, 1975. In August, 1991, Plaintiff underwent a total knee replacement for that right knee, but the right leg eventually had to be amputated above the right knee. On information and belief, the

foregoing was a proximate result of the accident and injury suffered on December 7, 1975. A claim for that portion was not filed until January, 1990.

The law in effect at the time of this action stated that a claimant was barred from the right to receive compensation under the Workers' Compensation Act unless a claim was filed with the Industrial Commission within two years after his accident. N.C. Gen. Stat. § 97-24(a). Plaintiff's complaint indicates that the right leg was injured during the same 1975 accident in which his left leg was injured. Therefore, plaintiff had two years from the date of the accident, not from the date that he became aware of his disorder, in which to bring an action for recovery under the Workers' Compensation Act. *See Perdue v. Daniel Int'l, Inc.*, 59 N.C. App. 517, 520, 296 S.E.2d 845, 848 (1982), *disc. review denied*, 307 N.C. 577, 299 S.E.2d 647 (1983).

The only other possibility for coverage of the right leg would have been to proceed under G.S. 97-47 for a change of condition and as we have already stated, this option was foreclosed in February 1984, two years after the date plaintiff received his last compensation check.

[2] Plaintiff next argues that G.S. 1-15(c) is unconstitutional as applied on the ground that it is a violation of plaintiff's rights to equal protection guaranteed under the 14th Amendment to the U.S. Constitution and Article I, sec. 19 of the North Carolina Constitution. We disagree. Similar arguments have been considered and rejected in a number of previous cases, notably *Roberts v. Durham County Hospital Corp.*, 56 N.C. App. 533, 289 S.E.2d 875, *dismissal denied*, *disc. review allowed*, 306 N.C. 387, 294 S.E.2d 205 (1982), *decision affirmed*, 307 N.C. 465, 298 S.E.2d 384 (1983); *Walker v. Santos*, 70 N.C. App. 623, 320 S.E.2d 407 (1984); and *Square D Co. v. C.J. Kern Contractors*, 314 N.C. 423, 334 S.E.2d 63 (1985).

In *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 302 S.E.2d 868 (1983), our Supreme Court analyzed and upheld the constitutionality of another statute of repose, N.C. Gen. Stat. § 1-50(5). Since *Lamb*, our appellate Courts have used the *Lamb* analysis to uphold the constitutionality of different statutes of repose. The statute of repose found at N.C. Gen. Stat. § 1-50(6) was held constitutional under the *Lamb* analysis in *Colony Hill Condominium I Assoc. v. Colony Co.*, 70 N.C. App. 390, 396, 320 S.E.2d 273, 277 (1984), *disc. review denied*, 312 N.C. 796, 325 S.E.2d 485 (1985). In *Davis v. Mobilift Equipment Co.*, 70 N.C. App. 621, 622, 320 S.E.2d 406, 407 (1984), *appeal dismissed*, *disc. review denied*, 313 N.C. 328, 329 S.E.2d 385 (1985), the

Court again upheld the constitutionality of G.S. 1-50(6) reasoning "[w]hile *Lamb* dealt with G.S. 1-50(5) rather than G.S. 1-50(6), both are statutes of repose, and no rational basis appears for treating them differently with respect to the issues presented."

G.S. 1-15(c) has specifically been addressed using the *Lamb* analysis in *Walker v. Santos*, 70 N.C. App. 623, 320 S.E.2d 407. In *Walker* we said:

> This Court has upheld this statute [G.S. 1-15(c)] against constitutional attack based on vagueness, denial of equal protection, and the prohibition against exclusive emoluments . . . . No rational basis appears for applying to G.S. 1-15(c) a constitutionality analysis different from that which our Supreme Court applied to G.S. 1-50(5) in *Lamb* and which this Court by analogy applied to G.S. 1-50(6) in *Davis* and *Colony Hill*.

*Walker v. Santos*, 70 N.C. App. at 624, 320 S.E.2d at 408. We hold that the statute as applied in this case does not violate the federal constitution or the state constitution.

Finally, plaintiff argues that even if the statute of limitations or repose would have served as a bar to this cause of action, defendants should be estopped from asserting this defense because defendants allegedly told plaintiff to wait and not take any action. We find no merit to this argument. Since plaintiff did not institute his action in a timely fashion, his cause of action is barred under G.S. 1-15(c) and we hold that the trial court correctly granted defendants' Rule 12(c) motion for judgment on the pleadings.

Affirmed.

Judges EAGLES and MARTIN, JOHN C. concur.