***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner and the briefs and arguments of the parties. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Full Commission reverses the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The employer/employee relationship existed between defendant and plaintiff at all relevant times in this claim.
2. The following documents were stipulated into evidence as exhibits: *Page 2 
 a. Pre-Trail Agreement,
 b. Industrial Commission Forms,
 c. Discovery Responses, and
 d. Check from defendant made payable to plaintiff for accrued sick pay in the amount of $390.00.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was employed as a full-time laborer for defendant. On the date of the alleged accident, defendant employed three employees in addition to the Corporate Officers.
2. Plaintiff alleges that he sustained an injury to his back on August 1, 2003, while lifting a bag of fertilizer. Plaintiff did not file a Form 18 until December 22, 2005, more than 2 years and 4 months after the date of injury. Plaintiff also filed a Form 33 Request for Hearing in December 2005. Defendant filed a Motion to Dismiss plaintiff's claim, asserting that plaintiff's claim is barred by N.C. Gen. Stat. § 97-24. Deputy Commissioner Hall dismissed plaintiff's claim without conducting an evidentiary hearing on February 21, 2006.
3. Plaintiff appealed this decision to the Full Commission on May 23, 2006 and after oral arguments on October 4, 2006, the Full Commission vacated the prior decision and ordered a new hearing to take evidence on the issue on whether defendant is equitably estopped from denying plaintiff's claim. Said evidentiary hearing was conducted by Deputy Commissioner Phillips. *Page 3 
4. After the alleged incident, plaintiff called Michael McCollum, the owner of Nutri-Lawn, on Sunday, August 3, 2003, and reported that he was in a lot of pain and could not work.
5. Plaintiff treated at Duke University Medical Center in August and September 2003.
6. After August 1, 2003, plaintiff only returned to work for 2 days and, due to pain, stopped reporting to work. Plaintiff told Mr. McCollum he was in pain but did not explain that he suffered an incident on August 1, 2003 which caused the pain.
7. At some point, Mr. McCollum informed plaintiff that defendant did not have and did not need workers' compensation insurance. Mr. McCollum was under the mistaken impression that he did not need workers' compensation insurance because he had misunderstood his insurance agent. Mr. McCollum did not know that he and his wife were considered employees since they owned the business.
8. Mr. McCollum talked with plaintiff over the course of many months about the progress of his health and ultimately wrote a check in the amount of $390.00 dated June 2, 2004 for plaintiff's accrued sick leave.
9. Plaintiff talked with several attorneys seeking representation to assist him with his workers' compensation claim. Plaintiff was misinformed by one attorney who told plaintiff he had 3 years to file a workers' compensation claim. Plaintiff relied on the information provided to him by the attorneys to whom he spoke. Plaintiff did not rely on any statements made by defendant or Mr. McCollum regarding his workers' compensation claim.
10. Eventually, plaintiff talked to Bain Jones, an attorney in Raleigh, who instructed plaintiff to immediately contact the Industrial Commission. *Page 4 
11. Plaintiff contacted the Industrial Commission and was told to fill out a Form 18 which plaintiff did and submitted it along with a Request for Hearing on December 22, 2005, 2 years and 4 months after the August 1, 2003 incident.
12. Defendant was contacted by the Fraud Department of the Industrial Commission and paid a civil fine for his failure to carry workers' compensation insurance. Defendant currently has a policy in effect.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The Industrial Commission lacks jurisdiction to hear this claim because plaintiff did not file his claim within the applicable time limit prescribed by N.C. Gen. Stat. § 97-24. An employee's right to compensation shall forever be barred unless a claim is filed with the Commission within two years after the alleged date of injury or the last payment of medical compensation. The timely filing of a claim is a condition precedent to the right to receive compensation. McCrater v.Stone Webster Eng'g Corp., 248 N.C. 707, 104 S.E.2d 858 (1958). Accordingly, N.C. Gen. Stat. § 97-24 is not a statute of limitations, but a statute of repose. Unlike an ordinary statute of limitations, a statute of repose defines substantive rights to bring an action.Colony Hill Condominium Association v. Colony Company A,70 N.C. App. 390,394, 320 S.E.2d 273, 276 (1984). Failure to timely file is a jurisdictional bar for the Industrial Commission. Reinhardt v. Women'sPavilion, Inc., 102 N.C. App. 83, 401 S.E.2d 138 (1991). *Page 5 
2. Equitable estoppel may be used to prevent a party from raising the time limitation of N.C. Gen. Stat. § 97-24. Benfield v. WeyerhaeuserCo., 77 N.C. App. 332, 335 S.E. 2d 44 (1985). A party is not permitted to argue a statute of limitations defense when the delay for filing was induced by misrepresentations or inducements on the part of the party now trying to raise the statute of limitations defense. Id. The plaintiff must show that he was misled by the employer or carrier and that he relied to his detriment on those misrepresentations.Id.
3. In the case at hand, plaintiff alleges an injury by accident on August 1, 2003 and did not file his claim until December 22, 2005. Plaintiff has not shown that defendant made any affirmative assurances, misrepresentations or inducements to plaintiff regarding his workers' compensation claim that plaintiff relied upon which caused the delay in filing his claim. Further, plaintiff has not shown that he relied on any statements or representations made by defendant regarding his workers' compensation claim. To the contrary, plaintiff repeatedly sought his own legal counsel to help him with his workers' compensation claim, further proof that plaintiff did not rely on any statements defendant made regarding plaintiff's workers' compensation claim. Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Because plaintiff's claim is barred by N.C. Gen. Stat. § 97-24, under the law, plaintiff's claim must be and is hereby DISMISSED based on lack of jurisdiction.
2. Each side shall pay their own costs
This the 21st day of November 2008. *Page 6 
 S/_______________________
 DIANNE C. SELLERS
 COMMISSIONER
CONCURRING:
S/_______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/_______________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1