**Rangeley A. BROWN, et al., Plaintiffs,**

v.

**GENERAL ELECTRIC COMPANY, a corporation, et al., Defendants.**

**No. 81–84–CIV–3.**

United States District Court,
E.D. North Carolina,
Fayetteville Division.

July 11, 1983.

## ORDER

BRITT, Chief Judge.

Plaintiffs instituted this action on 11 December 1981 alleging damages to property and loss of income as a result of a fire which occurred on 12 December 1980 and which plaintiffs allege was caused by a defective fryer sold by defendant on 13 December 1974. Defendants have moved for summary judgment relying on N.C.Gen. Stat. 1–50(6) which provides that

> No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption.

Although the North Carolina Supreme Court has yet to address the validity of this section, it has addressed the validity of N.C.Gen.Stat. 1–50(5)a, a companion provision dealing with defective or unsafe conditions resulting from an improvement to real property, and has found that statute valid. *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 302 N.E.2d 868 (1983). In addition, *Bolick v. American Barmag Corp.*, 306 N.C. 364, 293 S.E.2d 415 (1982), by way of dicta, strongly indicated a similar result for N.C.Gen.Stat. 1–50(6).

Viewing the statute relied upon by defendants to be a statute of repose and an absolute bar to recovery under the facts as stated in the complaint filed herein, the motion of defendants for summary judgment is allowed. *See Tims v. Kerr Lake Country Club, Inc.*, No. 83–53–CIV–5 (E.D.N.C. 8 July 1983). This action is hereby dismissed.

AND IT IS SO ORDERED.