733 F.2d 1085
 Rangeley A. BROWN, Polly P. Brown and McDonald's
Corporation, a corporation, Appellants,
v.
GENERAL ELECTRIC COMPANY, a corporation and Hobart
Corporation, a corporation, Appellees.
 No. 83-1685.
 United States Court of Appeals,
Fourth Circuit.
 Argued Feb. 9, 1984.
Decided May 8, 1984.
 
 Henry L. Anderson, Jr., Fayetteville, N.C. (Anderson, Broadfoot, Anderson, Johnson & Anderson, Fayetteville, N.C., on brief), for appellants.
 James G. Billings, Raleigh, N.C. (Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, Raleigh, N.C., on brief), for appellees.
 Before RUSSELL, WIDENER and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiffs in this product liability action appeal from the district court's order granting summary judgment to the defendants. We affirm.
 
 
 2
 This suit arose as a result of fire at a MacDonald's Restaurant that was operated by Rangeley and Polly Brown, who, along with MacDonald's Corporation, are appellants here. The fire originated in a fryer manufactured by General Electric Co., a defendant below, allegedly as the result of the fryer's defective design and construction. The complaint alleges that General Electric originally sold the fryer to MacDonald's Corp. on December 13, 1974, and that the Browns acquired it in May of 1979. It is undisputed that the fire occurred on December 12, 1980, and that the plaintiffs filed suit December 11, 1981, almost seven years after the fryer's original sale.
 
 
 3
 On these alleged facts, the district court granted summary judgment, relying upon the limitations bar of N.C.G.S. Sec. 1-50(6), which provides:
 
 
 4
 No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption.
 
 
 5
 Appellants do not contest the district court's holding that the statute's literal terms bar their claim, but challenge the operation of the statute on constitutional grounds. First, they contend that, as applied to them, the statute violates the due process clause of the fourteenth amendment to the United States Constitution and article I, section 18 of the North Carolina Constitution, in that it unconstitutionally destroys a vested right by barring actions accruing so near to the expiration of the six-year statutory period that filing suit within that period would be effectively impossible. Second, they argue that, on its face, the statute is a violation of the equal protection guarantees of the United States and North Carolina Constitutions in that it makes a number of arbitrary and irrational classifications. Finally, they challenge the statute as a violation of the "open courts" provision of the North Carolina Constitution.
 
 
 6
 Having considered the briefs and oral arguments, we are persuaded that the district court correctly rejected the appellants' constitutional challenges. We therefore affirm on the reasoning of the district court. Brown v. General Electric Co., 584 F.Supp. 1305 (E.D.N.C. 1983).
 
 
 7
 AFFIRMED.