James B. **LINDSAY, III,** by Erwina M. **LINDSAY, Guardian ad Litem for** James B. Lindsay, III, **Plaintiff,**

v.

PUBLIC SERVICE COMPANY OF NORTH CAROLINA, INCORPORATED and the Coleman Company, Inc., **Defendants.**

No. C–C–88–0113–P.

United States District Court, W.D. North Carolina, Charlotte Division.

Nov. 15, 1989.

Daniel A. Speights and William A. Jordan, Speights & Runyan, Hampton, S.C., and Bob Warren, Black Mountain, N.C., for plaintiff.

Mel J. Garofalo, Hedrick, Eatman, Gardner & Kincheloe, James E. Walker, Kennedy Covington Lobdell & Hickman, Charlotte, N.C., and William E. Crosswhite, Avery, Crosswhite & Whittenton, Statesville, N.C., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on cross-motions filed by the parties in this action seeking Summary Judgment pursuant to Federal Rules of Civil Procedure 56.

### I. FACTUAL BACKGROUND

On March 12, 1985, Plaintiff and his mother, Mrs. Emma Mae Erwina Lindsay, were registered guests at the U.S. 21 Motel near Statesville, North Carolina. The motel owner found Mrs. Lindsay dead and Plaintiff unconscious with serious brain damage.[1] The undisputed cause of the death and injury was the inhalation of carbon monoxide fumes emitted from a natural gas heater manufactured by Defendant The Coleman Company, Inc. (hereinafter "Coleman"). Defendant Public Service Company of North Carolina, Inc. (hereinafter "PSC") supplied the gas for the heater and occasionally serviced the heater responsible for Plaintiff's injury.

Plaintiff currently requires "round-the-clock" nursing care because of the brain damage incurred at the hotel. Plaintiff

---

1. A wrongful death action was brought on behalf of Mrs. Lindsay. That action was disposed of through a settlement and has been dismissed. Ms. Erwina Lindsay has brought this action as guardian ad litem on behalf of her brother Mr. James B. Lindsay, III. Any references to "Plaintiff" in this Order are to Mr. Lindsay—the injured party.

brought this diversity action pursuant to 28 U.S.C. § 1332 and seeks damages against PSC for:

(a) negligence in failing to properly maintain the heater, gas pressure, and gas lines in a reasonable and safe condition; and

(b) negligence under res ispa loquitur.

As against Defendant Coleman, Plaintiff claims Defendant Coleman is liable because of:

(a) negligence in designing, manufacturing, and distributing the heater in an unreasonable and defective condition;

(b) negligence under res ispa loquitur;

(c) negligence in failing to inform, caution, and warn others of the heater's dangerous condition; and

(d) breach of warranty of merchantability and fitness for ordinary purposes and uses.

Plaintiff seeks summary judgment against both Defendants. As against Defendant Coleman, Plaintiff claims that Defendant Coleman had actual knowledge of deaths in other hotels due to its heater. Defendant Coleman failed to issue warnings and this failure proximately caused Plaintiff's injury. Thus, Plaintiff asserts that the Court should enter summary judgment in his favor on the issue of liability.

As against Defendant PSC, Plaintiff argues that PSC had a duty while performing service calls to inspect the heater, to ensure that it was installed according to manufacturer's instructions, and ensure that provision was made for adequate combustion air. According to Plaintiff, Defendant PSC's failure to perform inspections of the heater was the proximate cause of Plaintiff's injury. Thus, Plaintiff seeks summary judgment on the issue of liability against Defendant PSC.

Defendant Coleman has also filed a motion for summary judgment. Defendant Coleman contends that all claims filed against it are barred by the North Carolina statute of repose. In the alternative, Defendant Coleman claims there is no genuine issue as to any material fact regarding Defendant Coleman's liability.

Defendant PSC's motion for summary judgment states there is no evidence to support the allegations of negligence against Defendant PSC in Plaintiff's Complaint. Moreover, Defendant PSC feels that res ispa loquitur is inapplicable to this case because Defendant PSC had no ownership, management or control of the instrumentality, and was never in the position to be a negligent actor. Defendant PSC also believes that the evidence, when taken in the light most favorable to Plaintiff, fails to establish that Defendant PSC proximately caused Plaintiff's injury. Therefore, Defendant PSC argues that summary judgment should be granted in its favor.

## II. LEGAL STANDARD

In granting summary judgment, Rule 56 of the Federal Rules of Civil Procedure directs the Court to determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Fed.R.Civ.P. 56(c) (1989). The party moving for summary judgment has the initial burden of showing that no genuine issue of any material fact exists and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has met his burden, the non-moving party need only present evidence from which a jury might return a verdict in his favor in order to survive a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986). However, the non-moving party must present facts, in proper form—conclusions of law will not suffice. 6 *Moore's Federal Practice,* at 56–273 (1988). The facts must be material, and of substantial nature; not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely suspicions. *Id.* If the non-moving party is able to present such evidence, there is a genuine issue of fact that requires a trial.

*Anderson,* 106 S.Ct. at 2513; *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). When the evidence from the entire record could not lead a rational factfinder to find for the non-moving party, no genuine issue for trial exists and summary judgment is appropriate. *Matsushita,* 106 S.Ct. at 1356.

Naturally, the purpose of Rule 56 is to prompt disposition of cases which have no possible merit and to prevent undue delays in the trial of actions to which there is no real defense. *Magill v. Gulf & W. Indus.,* 736 F.2d 976 (4th Cir.1984). However, where it is clear that a genuine issue of fact is involved, a motion for summary judgment, no matter how remote the possibility of success before a jury, should not be granted. *Id.; Pierce v. Ford Motor Co.,* 190 F.2d 910 (4th Cir.), *cert. denied,* 342 U.S. 887, 72 S.Ct. 178, 96 L.Ed. 666 (1951); *Stevens v. Howard D. Johnson Co.,* 181 F.2d 390, 394 (4th Cir.1950). The problem of overcrowded calendars is not to be solved by summary disposition of issues of fact fairly presented in an action. *See generally* 6 *Moore's Federal Practice,* at 56–246 (1988).

Matters involving negligence claims are not ordinarily good candidates for summary judgment disposition. *Id.* at 56–532. Negligence disputes usually require the *factual* determination whether a party owed a duty or whether a defendant's actions proximately caused plaintiff's injury. On the other hand, affirmative defenses, even in negligence actions, are usually more amenable to summary adjudication than other actions. *Id.* at 56–341. In particular, issues involving time limitations of actions are particularly appropriate for resolution through summary judgment. *Id.* at 56–606. Statute of limitations act as a complete defense to an action despite otherwise valid claims. Thus, when a statute of limitations is a legally sufficient defense to a claim, summary judgment should be granted for the defending party. *See Weinberger v. Retail Credit Co.,* 498 F.2d 552 (4th Cir.1974); *North Carolina Theatres, Inc. v. Thompson,* 277 F.2d 673 (4th Cir.1960); *but see Johns Hopkins Univ. v.*

*Hutton,* 422 F.2d 1124, 1131 (4th Cir.1970) (indicating that date cause of action accrues (used to determine when statute of limitations began to run) is material issue of fact; summary judgment not appropriate).

## III. DISCUSSION

A. *Defendant Coleman's Summary Judgment Motion.*

■■■■ Defendant Coleman's primary argument that summary judgment should be granted in its favor is that the North Carolina statute of repose bars this action. The statute of repose provides:

No action for the recovery of damages for personal injury, death or damage to property based upon or arising out of any alleged defect or any failure in relation to a product shall be brought more than six years after the date of initial purchase for use or consumption.

*See* N.C.Gen.Stat. § 1–50(6) (1983). Section 1–50(6) is incorporated into North Carolina's products liability statute at N.C. Gen.Stat. § 99B–1(3), and describes those actions to which § 1–50(6) applies.

"Product liability action" includes *any action* brought for or on account of personal injury, death, or property damage caused by or resulting from the *manufacture,* construction, design, formulation, development of standards, preparation, processing, assembly, testing, listing, certifying, *warning,* instructing, marketing, selling, advertising, packaging or labeling of any product. (Emphasis added).

*See Tetterton v. Long Mfg. Co., Inc.,* 314 N.C. 44, 332 S.E.2d 67, 70 (1985).

In support of its Motion, Defendant Coleman tenders the affidavit of Mr. Mel Winters, a retired manager of Product Safety for Defendant Coleman. Mr. Winters stated that the heater which caused Plaintiff's injury was last manufactured in December of 1961. Because of inventory control procedures, Defendant Coleman would have sold the heater prior to December of 1964. Plaintiff does not dispute that the sale of the heater occurred before 1964. Plain-

tiff's injury occurred in March of 1985. Thus, more than six years have passed from the injury to the date of the initial purchase of the heater. Accordingly, Defendant Coleman argues that Plaintiff's action is barred by the statute of repose.

The Court agrees. It is apparent from the face of the statute that the North Carolina legislature intended to establish a fixed cut-off date to bar actions brought after six years involving an injury caused by a manufactured good. *See generally Bernick v. Jurden*, 306 N.C. 435, 293 S.E.2d 405 (1982); *Bolick v. American Barmag Corp.*, 306 N.C. 364, 293 S.E.2d 415 (1982). A defendant escapes liability if the action is not brought within the six year window provided by the statute.

Plaintiff responds to Defendant Coleman's defense by arguing that a defendant's failure to warn is not subject to the statute of repose. According to Plaintiff, had Defendant Coleman placed an inadequate warning on the heater, Defendant's placement should be treated as a modification of the product. Therefore, Plaintiff asserts that a failure to warn should also be treated as a modification of the product with the date on which the failure to warn occurred being the commencement date for the running of the statute of repose. In this case, Plaintiff contends the failure to warn occurred within six years of Plaintiff's injury.

Plaintiff's argument is completely baseless in both statutory construction as well as applicable case law. As noted above, the statute of repose as incorporated into the North Carolina products liability statute anticipates that the statute "includes *any action* brought for or an account of personal injury ..." *See* N.C.Gen.Stat., Chapter 99(B) (1985). Specifically, the statute includes those injuries "caused by or resulting from ... a warning (or lack thereof) ..." Thus, the Court believes that contrary to Defendant's arguments, the statute of repose contains no exception for failure to warn.

Moreover, a case in North Carolina held that the statute applies where a defendant negligently failed to warn a plaintiff of an alleged defect in an automobile manufactured by defendant. *See Davidson v. Volkswagenwerk*, 78 N.C.App. 193, 336 S.E.2d 714 (1985), *cert. denied*, 316 N.C. 375, 342 S.E.2d 892 (1986); *see also Colony Hill Condominium I Association v. Colony Co.*, 70 N.C.App. 390, 320 S.E.2d 273 (1984); *cert. denied*, 312 N.C. 796, 325 S.E.2d 485 (1985) (holding that manufacturer of prefabricated fireplace failure to warn subject to § 1–50(6)). One North Carolina court found that the legislature intended to cover a multiplicity of claims that can arise out of a defective product. *Colony Hill*, 320 S.E.2d at 277. This Court adopts the view that the general language of the statute indicates the legislature intended failure to warn actions brought after six years of the injury to be barred.

The Court also believes Plaintiff's reliance on *Giglio v. Connecticut Light and Power Co.*, 180 Conn. 230, 429 A.2d 486, 492 (1980) and *Rollins v. Cherokee Warehouses, Inc.*, 635 F.Supp. 136 (E.D.Tenn. 1986) is misplaced. Both of those cases are distinguishable from this case because defendants in those cases replaced a defective component part or reconditioned a product. There is no evidence in this case that Defendant Coleman installed or repaired the heater. Furthermore, the cases cited by Plaintiff do not specifically state that a failure to warn exception exists for some statutes of repose. Finally, the Court believes that the North Carolina Supreme Court has held that injuries caused by a failure to warn fall within the statute. *See Tetterton*, 332 S.E.2d 67, 70.

Plaintiff has also requested the Court find the statute of repose unconstitutional. The Court is unwilling to make such a finding in light of the Fourth Circuit Court of Appeals and the North Carolina Supreme Court prior holdings that the statute is constitutional. *See Brown v. General Electric Co.*, 733 F.2d 1085, 1086 (4th Cir. 1984); *Tetterton*, 332 S.E.2d at 70–74.

■ Plaintiff's contention that the statute of repose should not be applied to products manufactured before the statute's enactment date lacks merit. The North Carolina Supreme Court has previously applied the statute to such a situation. *See Tetterton*, 332 S.E.2d at 68–69.

In summary, the Court believes that the statute of repose bars Plaintiff's action. Because no genuine issue of material fact is in dispute that at least twenty years has passed since Defendant Coleman placed the heater in the stream of commerce, the statute of repose is applicable to this case. Therefore, Defendant Coleman's motion for summary judgment is granted.[2]

B. *Plaintiff's Motion for Summary Judgment as to Defendant Coleman.*

For the reasons stated above, the Court will deny Plaintiff's Motion for Summary Judgment on liability as to Defendant Coleman.

C. *Defendant PSC's and Plaintiff's Cross–Motions for Summary Judgment.*

■ The Court believes that a genuine issue of material fact exists as to the dispute between Defendant PSC and Plaintiff—whether Defendant PSC assumed a duty to residents of Statesville to inspect gas appliances to ensure proper installation and maintenance. Plaintiff has produced two affidavits from Mr. Clifford Reavis and Ms. Marilynn Teague, both employees of the Inspections Office for the City of Statesville. The affiants state under oath that the City of Statesville has had an agreement with Defendant PSC since the late 1970's that PSC employees, while servicing existing and new pipe lines, equipment, venting and other operations relating to gas within the City, would check and if any violations were noted would get them corrected or would notify the Inspection Office. According to Plaintiff, Defendant PSC's failure to exercise this duty to inspect proximately caused Plaintiff's injury.

As might be expected, Defendant PSC vehemently disagrees that it assumed such a duty. Defendant PSC has produced additional affidavits of Mr. Reavis and Ms. Teague that state Defendant PSC has no agreement that obligates or places a duty upon Defendant PSC to conduct routine or periodic inspections of any buildings, appliances, or heaters that it supplies gas for in the Statesville area.

The Court believes that this exchange—"Yes, you do have a duty," and "No, I don't have a duty"—is a classic example of the situation envisioned by Rule 56. It appears obvious to the Court that a genuine issue of material fact exists whether Defendant PSC assumed a duty. Thus, a jury will need to decide whether Defendant PSC in fact assumed a duty and whether the breach of that duty proximately caused Plaintiff's injury.[3]

Therefore, the Court will deny both Defendant PSC's and Plaintiff's summary judgment cross-motions.

## IV. CONCLUSION

NOW, THEREFORE, IT IS ORDERED that:

(1) Defendant Coleman's Motion for Summary Judgment be GRANTED. All of Plaintiff's claims against Defendant Coleman are hereby DISMISSED WITH PREJUDICE.

(2) Plaintiff's Motion for Summary Judgment as to Defendant Coleman be DENIED;

(3) Defendant PSC's Motion for Summary Judgment as to Plaintiff be DENIED; and

(4) Plaintiff's Motion for Summary Judgment as to PSC be DENIED.

Summary Judgment in favor of Defendant Coleman shall be filed simultaneously with this Order.

---

**2.** Because the Motion for summary judgment is granted on the basis of the repose statute, the Court does not believe it necessary to address Defendant Coleman's alternative basis for summary judgment—the lack of any genuine issue as to a material fact that Defendant Coleman was negligent.

**3.** The Court finds Defendant PSC's theory that the "roofers did it" interesting and a possible explanation as to who proximately caused Plaintiff's injury. However, the Court is unable under Rule 56 to make such a determination. That is a job for a factfinder.